

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Compañía de Turismo de Puerto Rico<br><br>     Peticionario<br><br>           v.<br><br>Municipio de Vieques<br><br>    Recurrido | Certiorari<br><br>2010 TSPR 126<br><br>179 DPR ____ |

Número del Caso: CC-2008-1054

Fecha: 13 de julio de 2010

Tribunal de Apelaciones:

                Región Judicial de Fajardo — Panel IX

Juez Ponente:       Hon. Yvonne Feliciano Acevedo

Abogados de la Parte Peticionaria:

                Lcdo. Juan R. Rivera Font
                Lcda. Cristina Arenas Solís

Abogado de la Parte Recurrida:

                Lcdo. Gabriel I. Peñagarícano

Asociación de Hoteles y Turismo de Puerto Rico:

                Lcdo. Rafael Alonso Alonso
                Lcda. Carmen M. Alonso Rodríguez
                Lcda. Amelia H. Caicedo Santiago

Materia: Sentencia Sumaria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Compañía de Turismo de
Puerto Rico

    Peticionario

          vs.                    CC-2008-1054  Certiorari

Municipio de Vieques

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor HERNÁNDEZ DENTON

En San Juan, Puerto Rico, a 13 de julio de 2010.

La controversia en este caso requiere que determinemos si una contribución especial establecida por el Municipio de Vieques mediante una ordenanza es incompatible con el tributo impuesto por el Estado mediante la Ley Núm. 272 de 9 de septiembre de 2003, según enmendada, conocida como la Ley de Impuesto sobre el Canon por Ocupación de Habitación del Estado Libre Asociado de Puerto Rico, 13 L.P.R.A. sec. 2271 *et seq* (Ley Núm. 272). El Tribunal de Apelaciones determinó que ambos tributos son compatibles, por lo que determinó que el Municipio de Vieques tenía facultad para imponerlo. No obstante, un examen de la legislación aplicable revela que, en efecto, no lo son, por lo que revocamos la sentencia recurrida.

I.

El Municipio de Vieques (Municipio) aprobó en el 2007 la Ordenanza Núm. 34, Serie 2006-2007 (Ordenanza Núm. 34), para establecer un impuesto a ser pagado por los no residentes de dicho municipio que se alojen en los hoteles, hoteles de apartamentos, hospederías, paradores y moteles (hoteles) localizados allí. Los fondos recaudados por la imposición del tributo serían destinados al mejoramiento y seguridad de las áreas públicas del Municipio.

Posteriormente, la Compañía de Turismo presentó una demanda de sentencia declaratoria en la que alegó que el Municipio carece de la facultad para imponer una contribución por ocupación de hotel, pues el Estado ya impone una en virtud de la Ley Núm. 272. Solicitó, además, un interdicto permanente para impedir que el Municipio siguiera cobrando la contribución. Según la Compañía de Turismo, corporación pública facultada por la Ley Núm. 272 para el cobro y administración del impuesto que establece dicho estatuto, el poder impositivo de los municipios, a tenor de la Sección 2.002 de la Ley Núm. 81 de 30 de agosto de 1991, conocida como la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4052, está limitado a que el Estado no haya ocupado el campo.

El Municipio contestó la demanda y adujo, en lo pertinente a la controversia ante nuestra consideración, que la facultad delegada a los municipios para imponer contribuciones mediante la Sección 2.002 de la Ley de Municipios Autónomos, *supra*, debe ser interpretada de forma

amplia. Por esa razón, adujo que el hecho de que la Ley Núm. 272 establezca un impuesto sobre el canon por ocupación de habitación de hotel no impide que los municipios también puedan hacerlo.

Luego de otros trámites, el Tribunal de Primera Instancia celebró una vista en la que las partes acordaron que se trataba de una controversia de estricto derecho, por lo que sometieron sendos memorandos de derecho. Tras evaluarlos, el tribunal declaró con lugar la demanda y emitió un interdicto permanente para impedir que el Municipio continuase cobrando el tributo. Dicho foro estimó que la Ley Núm. 272 ocupa el campo, por lo que determinó que el Estado es el único que puede imponer un impuesto por ocupación de habitación de hotel y, por ende, el Municipio no puede cobrar una contribución por el mismo concepto. En consecuencia, ordenó al Municipio devolver a los ocupantes de habitaciones las cantidades que les había cobrado y que, de no ser posible, las remitiera a la Compañía de Turismo.

Inconforme, el Municipio acudió al Tribunal de Apelaciones y adujo que el Tribunal de Primera Instancia se equivocó al determinar que el Municipio carece de poder tributario para cobrar el impuesto en controversia. El foro apelativo intermedio entendió que ambos impuestos son compatibles, por lo que revocó la sentencia del foro de instancia. Según su interpretación, la contribución establecida mediante la Ordenanza Núm. 34 recae sobre el huésped, mientras que la establecida por la Ley Núm. 272

recae sobre el ingreso generado por el hotel. Determinó, además, que si bien es cierto que el texto de la Ley Núm. 272 delega la facultad de cobrar y fiscalizar el impuesto establecido en dicha ley a la Compañía de Turismo, ésta no contiene un lenguaje que indique que el legislador pretendió ocupar el campo.

Insatisfecha con el dictamen del Tribunal de Apelaciones, la Compañía de Turismo presentó un recurso de *certiorari* ante nos. Adujo que el foro apelativo intermedio erró al determinar que ambos impuestos recaen sobre objetos distintos. Por ello, nos solicita que determinemos la ilegalidad del tributo establecido por el Municipio mediante la Ordenanza Núm. 34.

Examinado el recurso, acordamos expedir y concedimos a las partes un término para que presentaran sus respectivos alegatos. La Compañía de Turismo así lo hizo, mas no el Municipio, quien compareció y sometió su caso sin presentar un alegato. Por su parte, la Asociación de Hoteles y Turismo de Puerto Rico presentó una solicitud y alegato en calidad de *amicus curiae*, a lo cual accedimos. Con el beneficio de las respectivas comparecencias procedemos a resolver.

II.

Como es sabido, la Constitución de Puerto Rico confiere a la Asamblea Legislativa la facultad primordial de imponer contribuciones. Específicamente, el Art. VI, Sec. 2 de la Constitución establece que "[e]l poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su

imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido". Art. VI, Sec. 2, Const. E.L.A., L.P.R.A. Tomo 1. Esta facultad del Estado para imponer contribuciones puede ser delegada a los municipios mediante un mandato claro y expreso, pues éstos no tienen un poder inherente e independiente para imponerlas. Interior Developers v. Mun. de San Juan, res. el 28 de diciembre de 2009, 2009 T.S.P.R. 156, citando a Café Rico, Inc. v. Mun. de Mayagüez, 155 D.P.R. 548, 553 (2001) y Levy, Hijo v. Mun. de Manatí, 151 D.P.R. 292, 299 (2000).

La Constitución de Puerto Rico también reviste a la Asamblea Legislativa con el poder de "crear, suprimir, consolidar, reorganizar municipios, modificar sus límites territoriales y determinar lo relativo a su régimen y función…". Art. VI, Sec. 1, Const. E.L.A., supra. En el ejercicio de dicho poder, y a través de la Sec. 2.002 de la Ley de Municipios Autónomos, supra, la Rama Legislativa le delegó a los municipios la potestad de imponer tributos con el propósito de que puedan recaudar fondos para brindar servicios a sus habitantes. Aireko Const. Corp. v. Mun. de Utuado, res. el 11 de septiembre de 2009, 2009 T.S.P.R. 141.

Específicamente, la referida sección de la Ley de Municipios Autónomos dispone, entre otras cosas, que los municipios podrán "[i]mponer y cobrar contribuciones, derechos, licencias, arbitrios de construcción y otros arbitrios e impuestos, tasas y tarifas razonables dentro de

los límites territoriales del municipio, compatibles con el Código de Rentas Internas y las leyes del Estado Libre Asociado de Puerto Rico…". 21 L.P.R.A. sec. 4052. Por su parte, la Sección 1.006 de la misma ley recalca que, "… los municipios quedan investidos de la autoridad para imponer contribuciones en aquellos asuntos en que el Gobierno Central no tenga el campo ocupado de conformidad con la sec. 4052 de este título". 21 L.P.R.A. sec. 4004.

De otra parte, la Sección 1.004 de la Ley de Municipios Autónomos dispone que "[l]os poderes y facultades conferidos a los municipios… se interpretarán liberalmente, de forma tal que siempre se propicie el desarrollo e implantación de la política pública enunciada… de garantizar a los municipios las facultades necesarias en el orden jurídico, fiscal y administrativo para atender eficazmente las necesidades y el bienestar de sus habitantes". 21 L.P.R.A. sec. 4002. En este sentido, hemos expresado que uno de los propósitos que informan la delegación a los municipios de un poder impositivo por parte del Estado es el de otorgarle gran autonomía, por lo que debemos interpretar el alcance de la delegación de forma amplia. Café Rico, Inc. v. Mun. de Mayagüez, *supra*.

No obstante, el texto claro de las Secs. 1.006 y 2.002 de la Ley de Municipios Autónomos, *supra*, exige que los tributos municipales que se creen en el ejercicio del poder impositivo que expresamente se les delega deben ser **"compatibles con el Código de Rentas Internas y las leyes del Estado Libre**

**Asociado de Puerto Rico"** y que deben limitarse a **"aquellos asuntos en que el Gobierno Central no tenga el campo ocupado"**. (Énfasis suplido). 21 L.P.R.A. secs. 4052 y 4004. Es por ello que a la hora de determinar si entre un tributo municipal y el Código de Rentas Internas y las demás leyes existe la compatibilidad que exigen las referidas secciones de la Ley de Municipios Autónomos, *supra*, debemos realizar un análisis ponderado de cada caso en particular, en consideración a las características específicas de cada tributo y prestando especial atención a los elementos de su hecho imponible.

Como es sabido, el hecho imponible es posiblemente el aspecto más importante de los que configuran un tributo, e incluso, podría decirse que es su esencia misma. Éste se define como el presupuesto de hecho, fijado en la ley o fuente legal que crea el tributo, cuya realización conlleva el nacimiento de la obligación tributaria. Interior Developers v. Mun. de San Juan, *supra*, citando A. Martínez Lafuente, Derecho tributario: Estudios sobre la jurisprudencia tributaria, Madrid, Civitas, 1985, págs. 207-15. De no configurarse el hecho imponible, no nace la obligación tributaria. Por ello, antes de evaluar la validez de un tributo es vital determinar cuáles son sus elementos. Así, por ejemplo, se debe determinar quién es el contribuyente, cómo se calcula el impuesto, cuál es la tasa aplicable, cómo se cobra, etc. Al realizar este análisis, debemos recordar que "para determinar la legalidad de una

contribución, no es relevante su forma, nombre o definición, sino su efecto práctico y consecuencias en su aplicación y funcionamiento". Levy, Hijo v. Mun. de Manatí, *supra*, pág. 305.

Con ello en mente pasemos a analizar los impuestos involucrados en la controversia de autos.

III.

Mediante la Ley Núm. 272 la Asamblea Legislativa le delegó a la Compañía de Turismo la facultad para, entre otras cosas, determinar, tasar, imponer, recaudar, fiscalizar, reglamentar y distribuir el impuesto sobre el canon por ocupación de hotel. 13 L.P.R.A. sec. 2271c. Este impuesto se calcula, como indica su nombre, sobre la cuantía que los huéspedes pagan a los hoteles por ocupar sus habitaciones.

En concreto, éste se computa multiplicando la tasa aplicable al tipo de hotel, según se especifica en la ley, por el canon por ocupación de habitación.[1] 13 L.P.R.A. sec. 2271(o)(a). El resultado de ese cálculo se multiplica, a su vez, por el número de noches de ocupación para obtener el impuesto a pagarse. *Íd*. La Ley Núm. 272 también dispone expresamente que el impuesto **"deberá pagarlo el ocupante al momento de liquidarle al hostelero el pago por concepto del canon por ocupación de la habitación"**. (Énfasis suplido). 13 L.P.R.A. sec. 2271p. Así, por ejemplo, si tres personas se

---

[1] Aunque la tasa básica es de 9%, ésta varía dependiendo del tipo de hotel en cuestión. Así, por ejemplo, cuando se trate de hoteles que están autorizados a operar casinos se pagará 11%, mientras que si se trata de paradores certificados se pagará un 7%. 13 L.P.R.A. sec. 2271o.

hospedan una noche en un hotel que cuenta con un casino, al cual le aplica la tasa de 11%, y cuyo costo por noche es $500, deberán pagar, además de $500 de estadía, $55 por concepto del impuesto establecido en la Ley Núm. 272.

De lo anterior se desprende que el supuesto de hecho que activa la obligación de pagar el impuesto de la Ley Núm. 272 es la ocupación de una habitación de hotel. En otras palabras, el hecho imponible consiste en realizar la acción de ocupar una habitación de hotel. Por disposición expresa de la ley, el obligado a pagar este impuesto es la misma persona que realiza el hecho imponible y que, por tanto, ocupa una habitación. En términos de la aplicación y funcionamiento de la Ley Núm. 272 esta persona sería el contribuyente. El hecho imponible incluso se configura independientemente de si la persona paga al hotel por ocupar la habitación. Así, por ejemplo, la Ley Núm. 272 establece que el impuesto aplica aun cuando se le concede una habitación a un jugador o visitante de un casino de forma gratuita. 13 L.P.R.A. sec. 2271o(d).

De otra parte, bajo el esquema de la Ley Núm. 272, el hotel está obligado a recaudar y retener el impuesto y remitirlo mensualmente a la Compañía de Turismo. 13 L.P.R.A. secs. 2271r, 2271s. De esta forma, la Ley Núm. 272 impone a los hoteles ciertas obligaciones que deben cumplir frente a dicha corporación pública. Sin embargo, ello no significa que el hotel se convierta en el "contribuyente" para efectos de la ley en cuestión, a pesar de que así se le designe. 13 L.P.R.A. sec. 2271. A tenor del efecto práctico y

funcionamiento de la Ley Núm. 272, el hotel actúa como un agente retenedor a quien el legislador le asignó la función de cobrar el impuesto luego de que surge la obligación del ocupante de pagarlo, y de remitirlo a la Compañía de Turismo. Así, pues, ante la Compañía de Turismo, el hotel realmente funge como un "sustituto del contribuyente", como se le conoce en ciertas jurisdicciones a este tipo de obligado tributario. Véase Martínez Lafuente, *supra*, op. cit., págs. 234-239.[2]

Algunos tratadistas españoles definen la evolución de la relación entre "contribuyente" y "sustituto del contribuyente" como sigue:

> Con el desarrollo de los sistemas tributarios, la legislación de los diferentes tributos comenzó a introducir y configurar otras posiciones subjetivas diversas de la [del contribuyente], imponiéndoles, en su caso, algunos o todos los deberes en que se despliega el tributo, pese a que en esos sujetos no concurre la nota de realizadores del hecho imponible. Bien por haber intervenido en cierta manera en su verificación, bien por meras razones de garantía y aseguramiento del crédito tributario, sujetos distintos del contribuyente pueden verse obligados por la ley al cumplimiento de todas o algunas de las prestaciones tributarias, y esto ocurre con [el sustituto del contribuyente]. J. Martín Queralt, G. Casado Ollero, J.M. Tejerizo López, Curso de Derecho Financiero y Tributario, Madrid, Tecnos, 1995, págs. 304-305.

---

[2] En Puerto Rico existen otras leyes contributivas en las que el Estado ha optado por emplear agentes retenedores para llevar a cabo el recaudo de los tributos. Así, por ejemplo, bajo la Ley Núm. 117 de 4 de julio de 2006, conocida como la Ley de Justicia Contributiva de 2006, los comerciantes que vendan partidas tributables deberán fungir como agentes retenedores. A tenor de esta ley, los comerciantes reciben de los consumidores el impuesto y lo remiten al Secretario de Hacienda. Véanse 13 L.P.R.A. secs. 9092c-9092g, 9094c-9094f.

Cónsono con esto, el legislador incluyó en la Ley Núm. 272 varias disposiciones dirigidas a asegurar el cumplimiento del hotel con los deberes que se le imponen. En este sentido, la ley establece que si el hotel deja de exigirle al ocupante de una habitación el importe del impuesto, la Compañía de Turismo podrá cobrarle al hotel la cantidad que debió recaudar y remitirle. 13 L.P.R.A. sec. 2271u. Asimismo, la Ley Núm. 272 también dispone que el hotelero que recaude pero deje de remitir el impuesto a la Compañía de Turismo incurrirá en el delito de apropiación de fondos públicos y podría enfrentar, entre otras sanciones, una pena de reclusión fija de diez años. 13 L.P.R.A. sec. 2271k.

Por otro lado, según indicamos, el Municipio de Vieques aprobó la Ordenanza Núm. 34 para establecer una contribución municipal especial a los ocupantes de hoteles, hoteles de apartamentos, hostales, hospederías, paradores y moteles ubicados en dicho municipio y para crear un fondo para el desarrollo, mejoramiento y mantenimiento de la infraestructura, ornato y seguridad. Mediante la aprobación de esta ordenanza, el Municipio buscaba allegar fondos a su erario para sufragar los gastos que supone mantener las áreas públicas en óptimas condiciones y brindar servicios a las personas que lo visitan.

La Sección Primera de la ordenanza en cuestión establece el cobro de la referida contribución a toda persona que no resida en el Municipio y que ocupe los hoteles allí ubicados. Ordenanza Núm. 34. Según su Sección Segunda, la contribución

varía desde $2 hasta $5 por ocupante por noche dependiendo del número de habitaciones en el hotel. *Íd.* Por su parte, la Sección Tercera establece que la contribución **se cobrará al ocupante de la habitación en el momento de pagar la cuenta presentada por el hotel y que este último deberá remitir al Municipio las cantidades que se generen por concepto del impuesto**. *Íd.* Por último, la Sección Duodécima define los términos "agente retenedor" como "el hotel" y "contribuyente" como "el turista o visitante". *Íd.*[3]

Con los elementos pertinentes de los impuestos de la Ley Núm. 272 y de la Ordenanza Núm. 34 en mente, pasemos a evaluar si éstos son incompatibles y, por ende, si la ordenanza es ilegal a la luz de la Sec. 2.002 de la Ley de Municipios Autónomos, *supra*.

IV.

La Compañía de Turismo aduce que el Tribunal de Apelaciones erró al determinar que ambos impuestos son compatibles por entender que recaen sobre eventos contributivos distintos. Según arguye dicha corporación pública, el foro apelativo intermedio se equivocó al determinar que el impuesto de la Ley Núm. 272 grava el

---

[3] Así, por ejemplo, si dos personas se hospedan una noche en un hotel que cuenta con diez habitaciones, al cual le aplica la tasa de $2 por noche por persona, y cuya habitación por noche cuesta $500, éstos deberán pagar, además de $500 de estadía, $4 por concepto de la contribución de la Ordenanza Núm. 34.

ingreso del hotel mientras que la contribución del Municipio recae sobre el huésped. Le asiste la razón.

Como expresamos anteriormente, el impuesto de la Ley Núm. 272 recae sobre el ocupante de la habitación, ya que es él o ella quien realiza el hecho imponible que activa la obligación de pagar el impuesto. La propia Ley Núm. 272 así lo establece expresamente. 13 L.P.R.A. sec. 2271p. Una vez una persona ocupa una habitación se aplicará la tasa correspondiente al canon por ocupación que se pague al hotel. El hotel, por su parte, tendrá la obligación de remitir lo pagado por concepto del impuesto a la Compañía de Turismo mensualmente.

Evidentemente, lo que un hotel recaude por concepto del impuesto no constituye un ingreso para la hospedería, pues los tributos son a favor del Estado o de alguna de sus criaturas, no a favor de un ente privado como lo es un hotel. Este último es meramente un "agente retenedor" a quien la Ley Núm. 272 le impone la responsabilidad de remitir el tributo a la Compañía de Turismo. El impuesto sobre el canon por ocupación de habitación de la Ley Núm. 272 tampoco es una contribución sobre el ingreso de un hotel, como determinó el Tribunal de Apelaciones. El referido tributo grava el hecho de la ocupación de una habitación por parte de una persona. Es decir, el evento contributivo objeto de este impuesto no es, como lo sería a tenor de la interpretación del foro apelativo, el hecho de generar un ingreso, sino el hecho de ocupar una habitación de hotel.

De igual forma, la Ordenanza Núm. 34 crea un tributo que grava el hecho de ocupar una habitación de hotel y que deberá ser pagado por aquél que produzca dicho evento contributivo, es decir, el ocupante de la habitación. El hotel, como agente retenedor, deberá cobrar el tributo al referido ocupante en el momento de pagar al hotel la cuenta y luego remitirlo al Municipio.

De lo anterior se desprende que el impuesto municipal en controversia es incompatible con el de la Ley Núm. 272. Según las disposiciones legales que crean ambos impuestos, el hecho imponible que genera las obligaciones de pagarlos es la ocupación de una habitación. Igualmente, bajo las disposiciones de ambas normas el obligado al pago del impuesto, es decir, el contribuyente, es el ocupante mientras que el hotel funge como un agente retenedor.

Entendemos, pues, que es evidente que ambos impuestos recaen sobre un aspecto muy concreto de la actividad turística: la ocupación de habitaciones de hotel. Es decir, en este caso no está en controversia si los municipios pueden imponer contribuciones sobre algún aspecto de dicha actividad económica, sino si pueden imponerlas sobre exactamente el mismo evento contributivo que un impuesto estatal. La Ley Núm. 272 crea un esquema que denota la intención del legislador de imponer una contribución a favor del Estado, particularmente a favor de la Compañía de Turismo, por concepto de ocupación de habitaciones de hotel. Ello evidencia que, como mínimo, la Rama Legislativa ocupó el

campo en materia de impuestos sobre ese tipo específico de ocupación y que un municipio no puede imponer tributos sobre dicha materia.

Consideramos que el hecho de que ambos impuestos se refieran, a precisamente lo mismo, en cuanto a su funcionamiento y aplicación, convierte a la contribución especial del Municipio en un tributo contrario a la exigencia de compatibilidad contenida en la Sec. 2002 de la Ley de Municipios Autónomos. 21 L.P.R.A. sec. 2052. Por consiguiente, entendemos que el Municipio excedió los límites de su poder impositivo según éstos han sido definidos mediante las Secs. 1.006 y 2.002 de la Ley de Municipios Autónomos, *supra*, lo que convierte a la Ordenanza Núm. 34 en ilegal.

Reconocemos la amplitud del poder impositivo de los municipios, mas no podemos ignorar la limitación impuesta a esa facultad mediante el texto claro de la Ley de Municipios Autónomos, *supra*. Sabido es que cuando el texto de la ley es claro no podemos ignorarlo ni sustituirlo con el pretexto de hacer cumplir los propósitos legislativos. Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14. Somos conscientes de que un impuesto sobre la ocupación de habitaciones de hotel supondría una fuente de ingresos para un municipio que necesita sufragar el costo de los servicios que presta a los turistas que le visitan, como es el caso de la Isla Nena. No obstante, es a la Compañía de Turismo a quien el legislador le encomendó la función de dirigir el desarrollo de la

industria turística en Puerto Rico y por ello le confirió la potestad de recaudar y fiscalizar un impuesto sobre la ocupación de habitaciones de hotel. Véase Exposición de Motivos de la Ley Núm. 272, 2003 Leyes de Puerto Rico Anotadas 1351 (Parte 2). Apartarnos de las limitaciones impuestas por la Ley de Municipios Autónomos, *supra*, e ignorar el esquema de la Ley Núm. 272, supondría avalar que cada municipio imponga una contribución sobre la ocupación de habitaciones de hotel. Ello socavaría la política pública en materia de desarrollo turístico que la Compañía de Turismo desee implantar en el ejercicio de sus deberes ministeriales y redundaría en el perjuicio de la industria turística puertorriqueña.[4]

IV.

Por los fundamentos antes expuestos resolvemos que la Ordenanza Núm. 34 no cumple con el requisito de compatibilidad que exige la Ley de Municipios Autónomos, *supra*, al imponer una contribución sobre el mismo hecho contributivo ya sujeto a un tributo estatal mediante la Ley Núm. 272. Por consiguiente, se revoca la sentencia recurrida

---

[4] La Compañía de Turismo adujo en su alegato, mas no en su recurso de *certiorari*, que la Ley Núm. 117 de 4 de julio de 2006, conocida como la Ley de Justicia Contributiva, prohíbe que los municipios impongan contribuciones sobre aquello que esté expresamente exento del Impuesto sobre Ventas y Uso. Véase Sec. 2410 del Código de Rentas Internas, 13 L.P.R.A. sec. 9092i. Según indica, en la Sec. 2301 del referido código se excluye de la aplicación del Impuesto sobre Ventas y Uso lo sujeto a la Ley Núm. 272. No obstante, en vista de que resolvemos que la contribución municipal en controversia es contraria a la Ley de Municipios Autónomos, *supra*, resulta innecesario evaluar los méritos de este argumento.

y se reinstala la sentencia del Tribunal de Primera Instancia.

Se dictará sentencia de conformidad.


                              Federico Hernández Denton
                                   Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Compañía de Turismo de
Puerto Rico

    Peticionario

        vs.                  CC-2008-1054  Certiorari

Municipio de Vieques

    Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 13 de julio de 2010.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, resolvemos que la Ordenanza Núm. 34 no cumple con el requisito de compatibilidad que exige la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4052, al imponer una contribución sobre el mismo hecho contributivo ya sujeto a un tributo estatal mediante la Ley Núm. 272. Por consiguiente, se revoca la sentencia recurrida y se reinstala la sentencia del Tribunal de Primera Instancia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco disiente con opinión escrita. El Juez Asociado señor Rivera Pérez no interviene. El Juez Asociado señor Kolthoff Caraballo no intervino. El Juez Asociado señor Martínez Torres está inhibido.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Compañía de Turismo de Puerto Rico | |
| | *Certiorari* |
| Peticionario | |
| v. | |
| | CC-2008-1054 |
| Municipio de Vieques | |
| Recurrido | |

Opinión disidente emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 13 de julio de 2010.

En el día de hoy, la mayoría del Tribunal concluye que la contribución impuesta por el Municipio de Vieques mediante la Ordenanza Núm. 34, Serie 2006-2007, no es compatible con la contribución establecida por el Gobierno de Puerto Rico en virtud de la Ley Núm. 272 de 9 de septiembre de 2003, según enmendada, conocida como Ley del Impuesto sobre el Canon por Ocupación de Habitación del Estado Libre Asociado de Puerto Rico, 13 L.P.R.A. sec. 2271 *et seq*. Disiento de este curso de acción por entender que el Municipio de Vieques está facultado en ley para instituir un impuesto por ocupación hotelera; que la Ley Núm. 272, *supra*, no ocupa el campo en cuanto a la

regulación de este tipo de impuesto; y que la contribución establecida por el Municipio de Vieques no constituye una doble tributación.

I.

El caso de autos tiene su origen el 27 de febrero de 2007 cuando el Municipio de Vieques aprobó la Ordenanza Núm. 34 con el propósito de establecer un impuesto municipal a los no residentes del municipio que ocuparan habitaciones en hoteles, hoteles de apartamento, hostales, paradores y moteles ubicados en Vieques. El dinero que se recaudara iría destinado al Fondo para el Desarrollo, Mejoramiento y Mantenimiento de la Infraestructura, Ornato y Seguridad del Municipio de Vieques en materia de turismo.

El 20 de marzo de 2007, la Compañía de Turismo de Puerto Rico, en adelante, Compañía de Turismo, presentó una Demanda de *Injunction* y Sentencia Declaratoria en contra del Municipio de Vieques. Peticionó que se declarara nula la Ordenanza Núm. 34 y que se paralizara el cobro de la contribución establecida mediante dicha medida. Arguyó que el Municipio de Vieques carecía de facultad legal para imponer una contribución sobre ocupación hotelera, toda vez que el campo se encontraba ocupado por la Ley Núm. 272, *supra*, la cual delegó en la Compañía de Turismo el recaudo de este tipo de impuesto. Además, la Compañía de Turismo señaló que el arbitrio

fijado por la Ordenanza Núm. 34 constituía un esquema ilegal de doble tributación.

Por su parte, el Municipio de Vieques negó las alegaciones de la Compañía de Turismo y sostuvo la legalidad de la contribución establecida en virtud de la Ordenanza Núm. 34.

El 18 de mayo de 2007, el Tribunal de Primera Instancia celebró una vista en la que ambas partes acordaron que la controversia era una estrictamente de derecho. Ello tuvo como resultado que el foro de instancia procediera a resolver la controversia en el caso de autos de forma sumaria.

A tales efectos, el 11 de septiembre de 2007, dicho tribunal dictó Sentencia decretando la nulidad de la Ordenanza Núm. 34 por entender que la Compañía de Turismo era la única entidad facultada para imponer este tipo de contribución. En consecuencia, el Tribunal de Primera Instancia ordenó que el Municipio de Vieques devolviera el dinero que hubiera obtenido en virtud de la Ordenanza Núm. 34 a los ocupantes que les fuera cobrado o, de ello no ser posible, que remitiera lo percibido a la Compañía de Turismo.

Inconforme, el Municipio de Vieques acudió ante el Tribunal de Apelaciones el cual revocó la Sentencia del foro de instancia. El ilustrado tribunal *a quo* determinó que la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como Ley de Municipios Autónomos del

Estado Libre Asociado de Puerto Rico de 1991, 21 L.P.R.A. sec. 4001 *et seq*, facultaba al Municipio de Vieques a instituir un impuesto por ocupación hotelera. Concluyó, además, que la Ley Núm. 272, *supra*, no ocupaba el campo en cuanto a la imposición de tributos relacionados a la industria hotelera y que el arbitrio municipal no constituía una doble tributación. Sostuvo que la contribución impuesta por el municipio recaía sobre el huésped mientras que el impuesto de la Compañía de Turismo recaía sobre la hospedería.

Inconforme, la Compañía de Turismo acudió ante nos.

**II.**

Bajo nuestro ordenamiento constitucional la facultad para imponer contribuciones compete primordialmente a la Asamblea Legislativa. Art. VI, sec. 2, Constitución de Puerto Rico. Véase, además, *HBA Contractors v. Mun. de Ceiba*, 166 D.P.R. 443, 453 (2005); *Café Rico, Inc. v. Mun. de Mayagüez*, 155 D.P.R. 548, 552 (2001). Esa autoridad contributiva es fundamental a la vida del Estado y, por lo tanto, el poder fiscal gubernamental es constitucionalmente de naturaleza amplia y abarcadora. *Íd.,* pág. 553; *Continental Ins. Co. v. Srio. de Hacienda*, 154 D.P.R. 146, 151 (2001); *F.D.I.C. v. Mun. de San Juan*, 134 D.P.R. 385, 390-391 (1993).

La Asamblea Legislativa puede delegar en los municipios su facultad para imponer contribuciones. Sobre este aspecto, la Sec. 2 del Art. VI de la Constitución de

Puerto Rico establece que "[e]l poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido".

A tenor con estos fundamentos, se ha señalado que los municipios no tienen un poder inherente, independiente del Estado, para imponer contribuciones. *HBA Contractors v. Mun. de Ceiba*, *supra*, pág. 453 citando a *Levy, Hijo v. Mun. de Manatí*, 151 D.P.R. 292, 299 (2000). Sin embargo, aunque los municipios carecen de un poder inherente para requerir el pago de tributos, la Asamblea Legislativa puede delegar en éstos, mediante mandato claro y expreso, la autoridad para imponer y cobrar contribuciones, derechos, arbitrios e impuestos razonables dentro de sus límites territoriales y sobre asuntos que no sean incompatibles con la tributación impuesta por el Estado. *Café Rico, Inc. v. Mun. de Mayagüez*, *supra*, pág. 553; *F.D.I.C. v. Mun. de San Juan*, *supra*, pág. 391.

En Puerto Rico se favorece la interpretación amplia del poder impositivo delegado a los municipios. *Café Rico, Inc. v. Mun. de Mayagüez*, *supra*, pág. 553. Tal interpretación responde a una filosofía que tiende a conceder mayores poderes tributarios a los municipios de forma que puedan proveer más servicios directos a sus ciudadanos. *Íd.*; *First Bank de P.R. v. Mun. de Aguadilla*, 153 D.P.R. 198, 204 (2001).

Como parte de la delegación hecha a los municipios, la Asamblea Legislativa promulgó la Ley Núm. 81, *supra*. Dicho estatuto busca otorgar a "los municipios el máximo posible de autonomía y proveerles las herramientas financieras y los poderes y facultades necesarias para asumir un rol central y fundamental en su desarrollo urbano, social y económico". Art. 1.002 de la Ley Núm. 81, *supra*.

Entre las diversas facultades que la Ley Núm. 81, *supra*, otorga a los municipios, se encuentra la autorización concedida a éstos para que puedan imponer algunos tipos de contribuciones o tarifas razonables dentro de sus límites territoriales, siempre y cuando, sean compatibles con el Código de Rentas Internas y las leyes de Puerto Rico. Art. 2.002 de la Ley Núm. 81, *supra*, sec. 4052.

Las contribuciones que establezcan los municipios podrán recaer sobre todos aquellos asuntos en los que el Gobierno estatal no tenga el campo ocupado. Art. 1.006 de la Ley Núm. 81, *supra*, sec. 4004. Se entiende que el campo está ocupado si se dispone expresamente en la legislación estatal que determinada materia será regulada de forma exclusiva por el Estado, o si dicha intención puede deducirse de la naturaleza de la legislación al establecer un plan o esquema detallado que abarcadoramente lo reglamente todo, demostrando la intención de ocupar el

campo. *Vélez v. Municipio de Toa Baja*, 109 D.P.R. 369, 374 (1980).

El poder de imponer contribuciones, así como las demás facultades que se conceden a los municipios en virtud de la Ley Núm. 81, *supra*, deben interpretarse liberalmente. Art. 1.004 de la Ley Núm. 81, *supra*, sec. 4002. Con ello se busca propiciar el desarrollo e implantación de la política pública enunciada por este estatuto de "garantizar a los municipios las facultades necesarias en el orden jurídico, fiscal y administrativo para atender eficazmente las necesidades y el bienestar de sus habitantes". *Íd*. Véase, además, *Café Rico, Inc. v. Mun. de Mayagüez*, *supra*, págs. 553-554.

Como parte del poder de delegar su facultad de recaudar impuestos, la Asamblea Legislativa aprobó la Ley Núm. 272, *supra*. Dicho estatuto contiene una serie de disposiciones que regulan el pago de un impuesto por la ocupación de habitaciones en hospederías.[5]

Con el propósito de que el dinero recaudado en virtud de esta medida se inviertiera en el desarrollo turístico de Puerto Rico, se delegó a la Compañía de Turismo la facultad de "determinar, tasar, imponer, recaudar, fiscalizar, reglamentar y distribuir" la contribución a

---

[5] Según el Art. 2, inciso (22) de la Ley Núm. 272, *supra*, sec. 2271, el término hospedería incluye:

> hoteles, condohoteles, hoteles todo incluido, moteles, Paradores, alojamiento suplementario a corto plazo (*short term rentals*), pequeñas hospederías, casas de hospedaje, hoteles de apartamentos y facilidades recreativas operadas por agencias o instrumentalidades del Estado Libre Asociado de Puerto Rico.

pagarse por la ocupación de habitación que dispone la Ley Núm. 272, *supra*. Art. 3(a) de la Ley Núm. 272, *supra*, sec. 2271a. Véase, además, la Exposición de Motivos de la Ley Núm. 272, *supra*. A su vez, el estatuto faculta a la Compañía de Turismo para investigar, intervenir y sancionar a violadores de la ley y para instar cualquier acción pertinente ante un tribunal con el propósito de que dicho foro ordene el cese de toda actividad o actuación que atente contra los propósitos de este estatuto. Véase, Art. 3 de la Ley Núm. 272, *supra*, sec. 2271a.

Hasta el momento se han discutido algunas instancias en que la Asamblea Legislativa ha delegado su facultad de establecer contribuciones. Sobre ello es importante señalar que, al momento de que cualquier entidad vaya a ejercer la autorización concedida para la fijación de impuestos, se debe tener en cuenta si la imposición del arbitrio constituye una doble tributación.

A tales efectos, en Puerto Rico no existe una prohibición constitucional a la doble tributación. *Levy, Hijo v. Mun. de Manatí, supra*, pág. 299 esc. 3; *Las Piedras Const. Corp. v. Mun. de Dorado*, 134 D.P.R. 1018, 1023 (1994). No obstante, la intención legislativa permitiendo la doble tributación debe constar de manera clara y específica ya que ésta nunca se presume. *Íd*; *Asoc. Hoteles y Turismo de P.R. v. E.L.A.*, 131 D.P.R. 814, 819 (1992).

Se constituye un esquema de doble tributación cuando la contribución a imponerse recae sobre un mismo evento económico en el que concurran los siguientes elementos: (i) misma propiedad, (ii) misma entidad gubernamental, (iii) mismo período contributivo, y (iv) mismo fin. *Las Piedras Const. Corp. v. Mun. de Dorado*, *supra*, págs. 1022-1023. Además, hay que analizar el efecto real, práctico-económico, de la imposición del arbitrio para determinar si de hecho se trata de una doble tributación. *Levy, Hijo v. Mun. de Manatí*, *supra*, pág. 299 esc. 3.

III.

*A priori*, soy de opinión que la Ley Núm. 272, *supra*, no ocupa el campo en cuanto a la reglamentación del impuesto por ocupación hotelera. Del lenguaje de la Ley Núm. 272, *supra*, o de su historial legislativo no surge alguna disposición que demuestre que haya una reglamentación estatal exclusiva sobre este tipo de impuesto o que de alguna forma dé a entender que los municipios no puedan fijar un impuesto similar para su beneficio. *A contrario sensu*, existen varias disposiciones en el estatuto que demuestran que el impuesto fijado en la Ley Núm. 272, *supra*, es compatible con otras contribuciones que se establezcan por la ocupación de habitación en hoteles.

Según el Art. 24 de la Ley Núm. 272, *supra*, sec. 2271o(a), el impuesto que reglamenta esta medida se cobrará "sobre el canon por ocupación de habitación". A su

vez, el inciso (8) del Art. 2 de la Ley Núm. 272, *supra*,

sec. 2271(8), define el canon por ocupación de habitación

como:

> …la tarifa que deberá cobrar o facturar un hostelero por la ocupación de cualquier habitación de una hospedería, valorado en términos de dinero, ya sea recibido en moneda de curso legal o en cualquier otra forma e incluyendo, pero sin limitarse a, entradas en efectivo, cheque de gerente o crédito. **La definición de "canon por ocupación de habitación" incluirá**, sin limitarse a, el dinero recibido por la hospedería por concepto de habitaciones cobradas pero no utilizadas y por concepto de penalidades por habitación y por concepto de cualesquiera cargos, tarifas o **impuestos adicionales** (*fees, resort fees* y/o *taxes*) **que cobre un hostelero por concepto de la estadía en una hospedería**. (Énfasis suplido.)

Del lenguaje de ambas disposiciones, se desprende que

el canon por ocupación de habitación sobre el cual recae

el impuesto regulado por la Ley Núm. 272, *supra*, puede

incluir contribuciones adicionales que se fijen a la

tarifa principal por la ocupación de habitación. Por ende,

al analizar estos artículos, se desprende que la Ley Núm.

272, *supra*, da margen a que se les pueda cobrar a los

ocupantes de hoteles otros impuestos que no estén

contemplados en dicha ley.

Por otro lado, el inciso (h) del Art. 24 de la Ley

Núm. 272, *supra*, sec. 2271o(h) también demuestra que esta

medida no ocupa el campo en cuanto a los impuestos que se

fijen por ocupación hotelera. El precepto establece que:

> ningún hostelero podrá imponer o cobrar a sus huéspedes cargos denominados como una "contribución", "derecho", "impuesto" o "tarifa" que de cualquier otra forma puedan indicar, o dar a entender, que dicho cargo es establecido por el

Estado Libre Asociado de Puerto Rico cuando el cargo no ha sido impuesto ni será cobrado por el Estado Libre Asociado de Puerto Rico. El hostelero será responsable de detallar dichos cargos en apartados de la factura separados e independientes del cargo por concepto del impuesto. *Íd*.

De una lectura de esta disposición, surge nuevamente que la Ley Núm. 272, *supra*, no prohíbe el que se puedan cobrar otros cargos o impuestos que no estén cobijados por esta medida. Aunque el referido artículo contiene ciertas limitaciones relacionadas con la fijación y cobro de cargos sobre la ocupación de habitación, las restricciones impuestas van dirigidas a que se distinga y separe lo que constituye el impuesto regulado por dicho estatuto de cualquier otro cargo o impuesto que se establezca por la ocupación de habitación. Con ello, la Ley Núm. 272, *supra*, lo que busca es evitar que los cargos adicionales que se facturen por la ocupación de habitación se puedan confundir con impuestos establecidos y cobrados por el Estado Libre Asociado.

En vista de todo lo anterior, resulta forzoso concluir que el lenguaje de la Ley Núm. 272, *supra*, permite el que se puedan establecer impuestos adicionales distintos al que regula el estatuto. Por lo tanto, como la Ley Núm. 272, *supra*, no ocupa el campo sobre los impuestos por ocupación de habitación, y tomando en consideración que el poder tributario delegado a los municipios se debe interpretar liberalmente, entiendo que el Municipio de Vieques puede establecer una contribución por ocupación

hotelera aunque el Estado haya establecido un impuesto sobre tal concepto.

En segundo lugar, entiendo hay varias circunstancias que demuestran que no existe una doble tributación.

Por un lado, nos encontramos ante entidades gubernamentales distintas. El impuesto que se establece en virtud de la Ley Núm. 272, *supra*, es controlado por la Compañía de Turismo la cual es una corporación pública e instrumentalidad gubernamental que pertenece al Gobierno de Puerto Rico.[6] En cambio, la contribución establecida por la Ordenanza Núm. 34 es regulada por el Municipio de Vieques el cual, aunque es una criatura del Estado,[7] goza de amplia autonomía jurídica, fiscal y administrativa para atender las necesidades y el bienestar de sus habitantes a tenor con la Ley Núm. 81, *supra*.

Por otro lado, a pesar de que la contribución impuesta conforme la Ley Núm. 272, *supra*, y el impuesto fijado por el Municipio de Vieques en virtud de la Ordenanza Núm. 34 recaen sobre la ocupación de habitación, el efecto que tiene la aplicación de estas contribuciones es diferente.

De acuerdo con la Sección 2 de la Ordenanza Núm. 34, el cargo por ocupación de habitación que el Municipio de Vieques desea imponer será cobrado de la siguiente forma:

---

[6] Véase, Art. 2 de la Ley Núm. 10 de 18 de junio de 1970, según enmendada, conocida como Ley de la Compañía del Turismo de Puerto Rico, 23 L.P.R.A. sec. 671a.

[7] Véase, *López, Fed. Coms. Unidos v. Mun. de San Juan*, 121 D.P.R. 75, 85 (1988) el cual señala que "las municipalidades son entidades de exclusiva creación legislativa o criaturas del Estado."

a. Dos dólares ($2.00) **por ocupante** por habitación por noche de hoteles, hoteles de apartamentos, hostales, hospederías y moteles que operen en el municipio, con capacidad máxima de veinticinco (25) habitaciones.

b. Tres dólares ($3.00) **por ocupante** por habitación por noche de hoteles, hoteles de apartamentos, hostales, hospederías y moteles que operen en el municipio, que tengan entre veintiséis (26) a setenta y cinco (75) habitaciones.

c. Cinco dólares ($5.00) **por ocupante** por habitación por noche de hoteles, hoteles de apartamentos, hostales, hospederías y moteles que operen en el municipio, con capacidad de setenta y seis (76) o más habitaciones. (Énfasis suplido.)

Por otra parte, en cuanto al impuesto regulado por la Ley Núm. 272, *supra*, dicho estatuto señala que se cobrará un impuesto general de nueve por ciento (9%) **"sobre el canon por ocupación de habitación"**.[8] (Énfasis suplido.) Art. 24 de la Ley Núm. 272, *supra*, sec. 2271o.

De las disposiciones anteriores surge que el impuesto que se establece mediante la Ordenanza Núm. 34 se impone a cada una de las personas que ocupen una habitación con independencia del costo que conlleve el ocupar la habitación.[9] Por otra parte, el impuesto que se regula por la Ley Núm. 272, *supra*, se cobra por la ocupación de la

_____

[8] Dicho impuesto puede fluctuar entre un siete (7) y un once por ciento (11%) dependiendo del tipo de hospedería. Art. 24 de la Ley Núm. 272 de 9 de septiembre de 2003, según enmendada, conocida como Ley del Impuesto sobre el Canon por Ocupación de Habitación del Estado libre Asociado de Puerto Rico, 13 L.P.R.A. sec. 2271o.

[9] A tenor con la Ordenanza Núm. 34, por ejemplo, si tres personas ocupan por una noche una habitación de un hotel localizado en el Municipio de Vieques que contenga veinticinco (25) habitaciones o menos, cada una de las personas deberá pagar un impuesto de dos dólares (2.00) independientemente de cuál sea el cargo total por ocupación, sea cien dólares ($100.00), quinientos dólares ($500.00) o cualquier otra cantidad.

habitación en general, o sea, que la contribución se va a recaudar del costo total que conlleve la ocupación de la habitación independientemente del número de ocupantes.[10]

Por ende, al haber una diferencia entre la aplicación de ambas contribuciones y al haber distintas entidades gubernamentales controlando estos impuestos, resulta forzoso concluir que la contribución establecida por el Municipio de Vieques por medio de la Ordenanza Núm. 34 no constituye una doble tributación.

Por último, la Opinión mayoritaria concluye que el permitir que los municipios establezcan contribuciones sobre la ocupación de habitaciones de hotel "socavaría la política pública en materia de desarrollo turístico que la Compañía de Turismo desee implantar en el ejercicio de sus deberes ministeriales y redundaría en el perjuicio de la industria turística puertorriqueña". Opinión mayoritaria, págs. 14-15.

Aunque comprendemos el impacto señalado, entendemos que el efecto que tenga la contribución establecida mediante la Ordenanza Núm. 34 sobre el desarrollo de la industria turística en Puerto Rico es un asunto que no le corresponda a los tribunales pasar juicio. Nos encontramos ante un argumento de política pública que no debe ser

---

[10] De acuerdo con la Ley Núm. 272, *supra*, por ejemplo, si se ocupa por una noche una habitación en un hotel que establezca una tarifa de trescientos dólares ($300.00) por ocupación por noche sin que se cobre algún cargo adicional, por lo general, se pagará el impuesto del nueve por ciento (9%), o sea, veintisiete dólares ($27.00) en este caso, independientemente de que la habitación sea ocupada por una (1), dos (2), tres (3) o más personas.

atendido a través de un dictamen judicial sino mediante legislación al efecto.

En nuestro ordenamiento constitucional, la facultad para formular la política pública del Estado le corresponde a la Rama Legislativa. *Domínguez Castro et al. v. E.L.A. II*, res. el 19 de febrero de 2010, 178 D.P.R.___ (2010), 2010 T.S.P.R. 22, 2010 J.T.S. 21; *Delgado, Ex parte*, 165 D.P.R. 170, 192 (2005). Por lo tanto, el que esta Curia se exprese sobre el impacto del impuesto establecido por la Ordenanza Núm. 34 en la industria turística de Puerto Rico es contrario al principio de separación de poderes que permea nuestro sistema republicano de gobierno, bajo el cual, la función de la Rama Judicial es interpretar la ley, no formular política pública, ni mucho menos dirigir su ejercicio.[11]

IV.

Por los fundamentos expuestos, disiento respetuosamente de la Opinión emitida por este Tribunal.


Mildred G. Pabón Charneco
Jueza Asociada

---

[11] Véase, Art. I, sec. 2, Constitución de Puerto Rico; *Sánchez et al. v. Srio. de Justicia et al.*, 157 D.P.R. 360 (2002); *Asoc. Fcias. Com. v. Depto. de Salud*, 157 D.P.R. 75, 87 (2002), opinión disidente del Juez Asociado señor Rivera Pérez; *Colón Cortés v. Pesquera*, 150 D.P.R. 724 (2000).