EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Municipio de Fajardo<br><br>       Peticionario<br><br><br>        v.<br><br><br>Secretario de Justicia; William Mongomé Roldán y María Lebrón Ramos<br><br>       Recurridos | Certiorari<br><br>2012 TSPR 170<br><br>187 DPR ____ |

Número del Caso: AC-2010-58


Fecha: 8 de noviembre de 2012


Tribunal de Apelaciones:

        Región Judicial de Fajardo


Abogados de la Parte Peticionaria:

        Lcda. Etienne Totti del Toro
        Lcda. Etienne Totti del Valle


Oficina de la Procuradora General:

        Lcda. Irene Soroeta Kodesh
        Procuradora General

        Lcdo. Guillermo Mangual Amador
        Procurador General Auxiliar




Materia: Ley de Reclamaciones y Demandas contra el Estado – Pago de Sentencia con fondos públicos municipales; participación del municipio


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Municipio de Fajardo

      Peticionario

           v.                     AC-2010-0058

Secretario de Justicia;
William Mongomé Roldán y
María Lebrón Ramos

      Recurridos


Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES


En San Juan, Puerto Rico, a 8 de noviembre de 2012.

El presente caso nos lleva a analizar si el Secretario de Justicia puede conceder el beneficio de pago de sentencia que provee la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. secs. 3077, et seq., con cargo a los fondos de un municipio sin darle participación en el proceso. Evaluada la controversia, resolvemos en la negativa.

I

Este caso tiene su origen en la intervención de dos agentes de la Policía Municipal de Fajardo, quienes dispararon a dos sujetos que huían tras

incendiar un vehículo antiguo estacionado en un garaje municipal. Al ver que no se detuvieron ante sus requerimientos, el oficial William Mongomé Roldán y la sargento María Lebrón Ramos dispararon contra Justin Withfield y John Kawika. Dos tiros alcanzaron al señor Whitfield en su pierna izquierda.

A raíz del incidente ocurrido en la madrugada del 9 de diciembre de 2000, el señor Whitfield y sus progenitores, Terry y Gayle Whitfield, demandaron por violación de derechos civiles, 42 U.S.C.A. sec. 1983, en el Tribunal Federal para el Distrito de Puerto Rico. Incluyeron como demandados a los policías Mongomé Roldán y Lebrón Ramos, al Municipio de Fajardo y su alcalde, Aníbal Meléndez Rivera, y al comisionado de la Policía Municipal, Ismael Álvarez Monge. Alegaron que el ayuntamiento era responsable por no adoptar regulaciones adecuadas para el uso de armas de fuego y no entrenar a los policías municipales acorde con ellas.

El jurado concedió una compensación de $4 millones para Withfield y $500,000 para cada uno de sus padres por daños punitivos. El Circuito de Apelaciones de Boston revocó el veredicto en cuanto al Municipio de Fajardo, el Alcalde y el Comisionado de Seguridad Municipal. Se ordenó a la corte de distrito celebrar un nuevo juicio sobre los daños compensatorios para cada uno de los demandantes, a menos que éstos accedieran a una reducción en las compensaciones. Finalmente, aceptaron una compensación de

$3 millones para Withfield, y de $100,000 para cada uno de sus padres. Se dictó sentencia el 29 de marzo de 2006.

El Secretario de Justicia concedió el beneficio de representación legal, bajo la Ley Núm. 104, supra, a los policías Mongomé Roldán y Lebrón Ramos durante el juicio federal. Además, al finalizar el proceso, los agentes solicitaron al funcionario el beneficio del pago de sentencia con fondos públicos, como también viabiliza la ley. El Secretario de Justicia aprobó la Resolución sobre Pago de Sentencia, fechada el 23 de febrero de 2007, con el propósito de que se costeara la sentencia con fondos municipales.[1]

El 13 de marzo de 2007 el Municipio de Fajardo se opuso mediante carta a la determinación del Secretario, que comprometió $3.2 millones de los fondos municipales.

---

[1] En lo pertinente, la Resolución indica:
"A tenor con el dictamen señalado y las ordenes [sic] subsiguientes, de las cuales tomo conocimiento oficial y cuyas respectivas fotocopias se hacen formar parte de este escrito, así como en virtud de los preceptos aplicables de los Artículos 12 y siguientes de la Ley Núm. 104 […] concedo el beneficio de pago de sentencia a los referidos demandados y autorizo el pago a los demandantes de la cantidad correspondiente. De conformidad con lo establecido en el Artículo 19 de la Ley Núm. 104 ya citada, la referida cantidad deberá sufragarse de los fondos disponibles del Municipio de Fajardo. A tales efectos debe depositarse dicha cantidad en la Secretaría del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico. El cheque habrá de prepararse por la suma total ya anotada a favor de "Clerk, U.S. District Court".

Apéndice, pág. 126.

La oposición descansó en que se concedieron daños punitivos, por lo que como mínimo, medió negligencia inexcusable por parte de los policías. Esto descartaría la buena fe o que la actuación estuviera dentro de las funciones de los policías, como exigen la Ley Núm. 104, supra, y el anulado Reglamento sobre Representación Legal y Pago de Sentencia, Reglamento Núm. 4071 del Departamento de Justicia[2], para la concesión del beneficio.

Además, el Municipio arguyó que, acorde con la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, 21 L.P.R.A. sec. 4001 et seq., el Municipio y el Alcalde debían tener la discreción de conceder el beneficio. Sería una contradicción, concluyó, que la sentencia federal relevara al Municipio de responsabilidad pero el Ejecutivo le impusiera el pago de la sentencia sin darle una oportunidad de ser oído.

El Departamento de Justicia contestó al Alcalde el 3 de abril de 2007. En su carta, señaló que conceder la representación legal y el pago de sentencia recaía en la sola discreción del Secretario. Además, expresó que aunque la agencia sufrague la representación legal de los funcionarios municipales, correspondía al Municipio el

---

[2] El Reglamento Núm. 4071, que se enmendó mediante el Reglamento Núm. 7540 de 18 de julio de 2008, se anuló con la aprobación del Reglamento sobre Representación Legal y Pago de Sentencia, Reglamento Núm. 7622 de 2 de diciembre de 2008. Como los hechos de este caso tuvieron lugar antes de que entraran en vigor la enmienda y el nuevo reglamento, utilizaremos el Reglamento Núm. 4071 para disponer de la controversia ante nos.

pago de la sentencia. De lo contrario, indicó el Secretario, sería una incongruencia que un Municipio pueda beneficiarse de la representación que concede el Departamento y luego se niegue a pagar la sentencia. El Secretario rechazó que el Municipio intervenga en su proceso decisional porque la Ley Núm. 104, supra, y el Reglamento Núm. 4071 no le reconocen legitimidad.

Trabada así la controversia, el 23 de mayo de 2007 el Municipio acudió al Tribunal de Primera Instancia mediante solicitud de sentencia declaratoria, bajo la anterior Regla 59.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, ahora 32 L.P.R.A. Ap. V. Solicitó que se declarara inválida la Resolución Sobre Pago de Sentencia. En la alternativa, pidió que declarara inconstitucional la Ley Núm. 104, supra, por infligir el debido proceso de ley al negar legitimación activa del municipio para intervenir en el proceso decisional sobre el pago de una sentencia con fondos municipales. Además, solicitó un *injunction* preliminar.

El Departamento de Justicia planteó que el Tribunal de Primera Instancia no tenía jurisdicción para atender el caso porque la Ley Núm. 104, supra, solo reconoce legitimidad para impugnar su determinación al empleado solicitante, su cónyuge y la sociedad legal que ambos componen. Además, arguyó que aunque exista una sentencia que impute negligencia inexcusable, el Secretario posee la discreción para conceder el beneficio y la Ley Núm. 104,

supra, no provee al Tribunal guías para sustituir su criterio.

El Tribunal reconoció legitimidad al municipio. Determinó que el Secretario se excedió en las facultades que le concede la Ley Núm. 104, supra. Así descartó que su discreción sea tan amplia que le permita ignorar hechos que ya adjudicó el tribunal que concedió la sentencia. Además, concluyó que la Ley Núm. 104, supra, no aplica en situaciones de negligencia inexcusable, por lo que no procedía la concesión del beneficio del pago de sentencia. Luego de una moción de reconsideración, el Departamento de Justicia y los agentes municipales apelaron ante el Tribunal de Apelaciones.

El foro apelativo intermedio concluyó que la ley concede amplia discreción al Secretario de Justicia y, por el contrario, no da legitimidad al Municipio para impugnar su determinación. Sostuvo además, que los municipios, como entes gubernamentales, carecen de derechos constitucionales y tampoco pueden reclamar derechos propietarios sobre los fondos municipales.

De esa determinación, que se sostuvo en reconsideración, recurre el Municipio de Fajardo ante nos. Insiste en que la determinación del Secretario le priva de sus fondos sin oportunidad del debido proceso de ley; que tiene legitimidad para solicitar sentencia declaratoria e interdicto preliminar; y que el Secretario no puede

representar al ayuntamiento al tomar la determinación bajo la Ley Núm. 104, _supra_.

Evaluada la solicitud del municipio expedimos el auto de _certiorari_ y accedimos a la solicitud del Municipio de Juana Díaz para comparecer como _amicus curiae_ en el pleito al amparo de la Regla 43 del Reglamento del Tribunal Supremo de 1996, 4 L.P.R.A. Ap. XXI-A. Con el beneficio de la comparecencia de todos, estamos en posición de resolver.

## II

La sentencia declaratoria es un remedio bajo la Regla 59 de Procedimiento Civil, 32 L.P.R.A. Ap. V, que permite declarar derechos, estados y otras relaciones jurídicas, aunque existan otros remedios disponibles. La solicitud de sentencia declaratoria tiene como resultado una decisión judicial sobre cualquier divergencia en la interpretación de la ley. Regla 59.2 de Procedimiento Civil, _supra_. Es aquella sentencia que se dicta cuando existe una controversia sustancial entre partes con intereses legales adversos, con el propósito de disipar la incertidumbre jurídica. R. Hernández Colón, _Práctica Jurídica de Puerto Rico: Derecho Procesal Civil_, 5ta Ed., San Juan, Lexis, 2010, Sec. 6001, pág. 560.

Entre las personas jurídicas facultadas para solicitar una sentencia declaratoria, según la Regla 59.2 de Procedimiento Civil, _supra_, se encuentran aquellas cuyos derechos, estado u otras relaciones jurídicas fuesen

afectadas por un estatuto. Además, el solicitante de una sentencia declaratoria debe tener legitimación activa. Romero Barceló v. E.L.A., 169 D.P.R. 460, 475 (2006). Por consiguiente, tiene que demostrar que ha sufrido un daño claro y palpable; que el daño es real, inmediato y preciso, y no uno abstracto e hipotético; que existe conexión entre el daño sufrido y la causa de acción ejercitada; y que la causa de acción surge bajo el palio de la constitución o de una ley. Partido Independentista Puertorriqueño v. Estado Libre Asociado, Op. del 6 de julio de 2012, 2012 T.S.P.R. 111, 2012 J.T.S. 124; 186 D.P.R. ___ (2012); Hernández Torres v. Hernández Colón, 131 D.P.R. 593, 500 (1992).

Por otro lado, el recurso extraordinario del *injunction* pretende prohibir u ordenar la ejecución de un acto, para evitar que se causen perjuicios inminentes o daños irreparables a alguna persona, cuando no hay otro remedio en ley adecuado. Art. 675 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3521. En el caso del interdicto preliminar, busca mantener el status quo mientras se dilucida el pleito. VDE Corp. v. F & R Contractors, 180 D.P.R. 21, 40-42 (2010); Cobos Liccia v. DeJean Packing Co., Inc., 124 D.P.R. 896, 902 (1989). Para su concesión, se deben evaluar: (1) la naturaleza de los daños que pueden ocasionárseles a las partes; (2) su irreparabilidad o la existencia de un remedio adecuado en ley; (3) la probabilidad de que el promovente prevalezca

en el juicio; (4) la probabilidad de que la causa se torne académica de no concederse el remedio, (5) y el posible impacto sobre el interés público. VDE Corp. v. F & R Contractors, supra, pág. 41.

Una resolución del Secretario de Justicia que ordene a un municipio el pago de una sentencia que pudiera ser millonaria, como en el caso ante nos, sin duda, tiene un impacto sobre las arcas municipales. Tiene un impacto sobre los fondos con los que cuenta el municipio para prestar servicios a sus residentes.

Ante ese panorama, el Municipio de Fajardo tiene legitimidad para acudir ante el Tribunal de Primera Instancia y solicitar una sentencia declaratoria bajo la Regla 59 de Procedimiento Civil, supra, y un *injunction* preliminar. La sentencia declaratoria pretende disipar la incertidumbre jurídica entre partes con intereses legales adversos. En este caso, una determinación del Secretario de Justicia ordenó a un municipio a pagar una sentencia al amparo de la Ley Núm. 104, supra. Estos hechos despiertan intereses legales adversos.

Además, el Municipio cumple con los requisitos que hemos establecido para que un litigante posea legitimidad activa. Es decir, la determinación del Secretario expone al Municipio a sufrir un daño claro y palpable, real inmediato y preciso. El daño reclamado tiene relación con la causa de acción que se ejerce, y ésta surge de una ley. El recurso de *injunction* preliminar instado sirve para

mantener el status quo mientras se dispone de la presente controversia. No nos cabe duda de que el Municipio tiene legitimidad para presentar la causa de acción que hoy estudiamos.

III

La Ley Núm. 9 de 26 de noviembre de 1975 añadió, entre otros, el Art. 12 a la Ley Núm. 104, supra. Este artículo establece que un funcionario o empleado del gobierno de Puerto Rico demandado en su carácter personal por violar derechos civiles en actos u omisiones incurridas como parte de sus funciones, puede solicitar que el estado le provea representación legal. Íd.[3] Véase

_____

[3] El Art. 12 de la Ley de Reclamaciones y Demandas contra el Estado señala:

"Todo funcionario, ex funcionario, empleado o ex empleado del Estado Libre Asociado de Puerto Rico que sea demandado en daños y perjuicios en su carácter personal, cuando la causa de acción se base en alegadas violaciones a los derechos civiles del demandante, debido a actos u omisiones incurridos de buena fe, en el curso de su trabajo y dentro del marco de sus funciones, podrá solicitar que el Estado Libre Asociado de Puerto Rico le provea representación legal y posteriormente asuma el pago de cualquier sentencia que pueda recaer sobre su persona. Los Directores Ejecutivos, ex Directores Ejecutivos, los miembros y ex miembros de las Juntas de Gobierno de las corporaciones públicas e instrumentalidades del Gobierno, los alcaldes y ex alcaldes y los funcionarios y ex funcionarios de los municipios, así como los miembros y ex miembros del Cuerpo de la Policía Municipal en los diferentes rangos, estarán cubiertos por lo aquí dispuesto, excepto que en lo relativo al pago de sentencias se regirán por lo provisto en la sec. 3092 de este título. Las acciones que puedan incoarse bajo las disposiciones de las secs. 3077 a 3092a de este título no estarán cubiertas por lo dispuesto en esta sección.
Asimismo, lo aquí provisto no debe entenderse bajo ningún concepto como que convierte al Estado en asegurador de los servidores públicos antes señalados, ni que
(continúa...)

además, <u>García v. E.L.A.</u>, 146 D.P.R. 725, 736 (1998). Los policías municipales están dentro de la lista de funcionarios a los que cobija la ley. Art. 12 de la Ley Núm. 104, <u>supra</u>.

Además de proveer representación legal, el estatuto permite que el estado asuma el pago de la sentencia que pudiera recaer en contra del funcionario, con cargo al Tesoro de Puerto Rico, <u>íd</u>. Sin embargo, en el caso de algunos de los funcionarios enumerados, se establece que la representación legal, la sentencia y las costas se sufraguen con otras fuentes. Ese es el caso de los funcionarios de las corporaciones públicas, en los que el pago de la representación y sentencia serán con cargo a las arcas de la corporación. De igual forma, cuando se trata de funcionarios de municipios, se costearán con los fondos disponibles del ayuntamiento correspondiente.[4] Art. 19 de la Ley Núm. 104, <u>supra</u>, 32 L.P.R.A. sec. 3092.

---

constituye una renuncia de la inmunidad soberana del Estado Libre Asociado."

[4] El texto íntegro de este artículo expone:
"El Secretario de Justicia notificará al Secretario de Hacienda sus determinaciones sobre pago a base de lo dispuesto en las secs. 3085 a 3092a de este título. El Secretario de Hacienda procederá a satisfacer de los fondos disponibles en el Tesoro de Puerto Rico las sentencias, costas y honorarios que recaigan sobre los demandados.
Todas las disposiciones de las secs. 3085 a 3092a de este título serán aplicables a los directores ejecutivos, ex directores ejecutivos, los miembros y ex miembros de las juntas de Gobierno de las corporaciones públicas e instrumentalidades del Gobierno, y a los alcaldes y ex alcaldes y funcionarios y ex funcionarios de los municipios, así como los miembros y ex miembros del Cuerpo
(continúa...)

El Art. 15 de la Ley Núm. 104, supra, 32 L.P.R.A. sec. 3088, expresamente excluye de su manto protector los actos u omisiones de funcionarios o empleados que (1) constituyan delito; (2) ocurran fuera del marco de las funciones oficiales; (3) en los que medie negligencia inexcusable o; (4) jurisprudencialmente se haya establecido un estado de derecho diferente mediante sentencia final y firme.

Queda en manos del Secretario de Justicia determinar en qué casos el estado asumirá la representación legal y, eventualmente, el pago de la totalidad de la sentencia. Art. 14 de la Ley Núm. 104, supra, 32 L.P.R.A. sec. 3087. Con ese propósito, el Departamento de Justicia aprobó el Reglamento sobre Representación Legal y Pago de Sentencia, Reglamento Núm. 4071, que disponía el procedimiento a

de la Policía Municipal en los diferentes rangos, excepto que los gastos que recaigan sobre éstos en concepto de tales sentencias, costas, honorarios y gastos incurridos por el Estado Libre Asociado en su representación legal serán sufragados de los fondos disponibles de las correspondientes corporaciones e instrumentalidades del Gobierno o municipio que representa o que representó el demandado en cuestión. En caso de que la corporación, instrumentalidad del Gobierno o el municipio afectado no disponga de los fondos necesarios para sufragar dicha cuantía, el Estado Libre Asociado deberá satisfacer el pago de ésta. La corporación o instrumentalidad del Gobierno o el municipio reembolsará dicha suma posteriormente, según lo determine el Secretario de Hacienda, mediante consulta con la junta de Gobierno de la corporación o instrumentalidad del Gobierno o la legislatura municipal del municipio.
    La erogación presupuestaria que conllevan las señaladas secciones, tanto en términos de representación legal como en el concepto de pago de sentencias, costas y honorarios no constituirá una compensación adicional para los servidores públicos cubiertos por tales disposiciones."

seguirse para la concesión de los beneficios de representación legal y pago de sentencia emitida según la Ley de Reclamaciones y Demandas contra el Estado, supra. García v. E.L.A., supra, págs. 725-726. Ese reglamento se concentraba en el proceso de solicitud del beneficio, su revocación o petición de reconsideración por parte de la agencia.[5]

El Art. 14 de la Ley Núm. 104, supra, provee para que un solicitante pueda acudir al Tribunal de Apelaciones si la determinación del Secretario le es adversa. 32 L.P.R.A. sec. 3087.[6] Sin embargo, tanto la ley como el reglamento vigente al momento de los hechos de este caso guardan silencio sobre el procedimiento que debe seguir un municipio, corporación o instrumentalidad pública que se oponga a que el Secretario extienda el beneficio de pago de sentencia con cargo a sus arcas. Ni siquiera contemplan la posibilidad de solicitar revisión judicial. Esa vía se reserva para el solicitante, su cónyuge o la sociedad de

---

[5] El Reglamento Núm. 7622, que derogó el Reglamento Núm. 4071, establece unos requisitos de elegibilidad para recibir el beneficio que básicamente se circunscriben a lo que exige la ley.

[6] El texto de la ley señala que la revisión administrativa deberá instarse en el Tribunal de Primera Instancia. Sin embargo, debemos recordar que el Art. 4.1 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2171, que uniformó los procesos decisionales en las agencias, dispone que las revisiones judiciales de determinaciones administrativas se verán ante el Tribunal de Apelaciones. El procedimiento de concesión del beneficio de representación y pago que realiza el Departamento de Justicia no está exceptuado de la aplicación de la L.P.A.U. Art. 1.4, 3 L.P.R.A. sec. 2103; Torres v. Dpto. Justicia, 181 D.P.R. 969, 992 (2011).

bienes gananciales que ambos compongan. Art. IV y XIV, Reglamento Núm. 4071, supra; Ortiz *et al.* v. E.L.A. *et al.,* 158 D.P.R. 62, 73 (2002).

Es que la Ley Núm. 104 y el Reglamento Núm. 4071 se aprobaron con anterioridad a la reforma municipal. Datan de cuando el poder de los municipios sobre sus finanzas y recaudos quedaba limitado ante el poder del Gobierno Central. Antes de que se aprobara la Ley de Municipios Autónomos, supra, en 1991,

> la mayoría de los ingresos municipales provenían del Fondo General y de aportaciones federales sin intervención alguna de los municipios… Por muchas décadas, el Gobierno Central, a través del Departamento de Hacienda, había controlado las finanzas municipales las cuales se nutrían básicamente del subsidio estatal.
>
> L. Santana Rabell y M. Negrón Portillo, La reforma municipal en Puerto Rico: Retos y oportunidades, 1ra ed., Río Piedras, Escuela Graduada de Administración Pública, U.P.R., 1993, pág. 20.

Este esquema cambió con la reforma municipal, particularmente con la Ley de Municipios Autónomos, supra, que permitió a los municipios "la libre administración de sus bienes y de los asuntos de su competencia o jurisdicción y la disposición de sus ingresos y de la forma de recaudarlos e invertirlos". Santana Rabell y Negrón Portillo, op cit., pág. 15. Así, es poco probable que la Ley Núm. 104, cuya aprobación data de 1955, contemplara la posibilidad de participación de un municipio en el proceso decisional del Secretario sobre la adjudicación del beneficio de representación y pago de sentencia.

Bajo el esquema anterior tenía sentido que el Secretario de Justicia tomara la determinación unilateral de pagar la representación legal y sentencia con fondos municipales porque, después de todo, los municipios eran sustancialmente subsidiados por el gobierno central. Sin embargo, los poderes que confirió la reforma a los municipios, exigen que integremos sus nuevas facultades a la interpretación que demos a la Ley Núm. 104 hoy día.

No podemos olvidar que al interpretar disposiciones legales, debemos tratar de armonizar aquellas que estén en aparente conflicto, antes de escoger cuál, si alguna de las dos, debe prevalecer sobre la otra. R. Elfren Bernier y J.A. Cuevas Segarra, Aprobación e Interpretación de Leyes en Puerto Rico, 2da. ed. rev., Publicaciones JTS 1987, Vol. 1, pág. 319. Además, en este extremo, la Ley de Municipios Autónomos nos señala que

> [l]os poderes y facultades conferidos a los municipios por este subtítulo o cualquiera otra ley, excepto disposición en contrario, se interpretarán liberalmente, en armonía con la buena práctica de política pública fiscal y administrativa, de forma tal que siempre se propicie el desarrollo e implantación de la política pública enunciada en este subtítulo de **garantizar a los municipios las facultades necesarias en el orden jurídico, fiscal y administrativo** para atender eficazmente las necesidades y el bienestar de sus habitantes. [Énfasis suplido].

21 L.P.R.A. sec. 4002.

Es a través de los municipios, que el Estado puede atender de forma más efectiva el bienestar social y económico de sus vecindarios. Pacheco Fraticelli v. Cintrón

Antonsanti, 122 D.P.R. 229, 236 (1988). Una determinación contraria a la que tomamos hoy vulneraría esa autonomía fiscal.

En resumen, es improbable que la Ley Núm. 104, supra, reconociera la participación de los municipios en el proceso decisional del Secretario de Justicia porque al momento de su aprobación la autonomía municipal no existía. La Ley de Municipios Autónomos, supra, nos obliga a que nuestra interpretación de las leyes relacionadas garanticen a los municipios los poderes fiscales necesarios para atender las necesidades de sus habitantes.

IV

Ante este aparente conflicto de leyes, surge la aplicabilidad de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2101, *et seq.*, como un estatuto armonizador que no contraviene ninguna de las disposiciones legales mencionadas. La L.P.A.U., supra, otra legislación cuya aprobación en 1988 es posterior a la Ley Núm. 104, uniformó la mayoría de los procedimientos adjudicativos que realizan las agencias. Ya hemos resuelto que la L.P.A.U., supra, es de aplicación al procedimiento de deliberación que realiza el Secretario de Justicia al amparo de la Ley Núm. 104, supra, frente al solicitante. Torres v. Dpto. Justicia, 181 D.P.R. 969, 992 (2011). Sin embargo, nada hemos dispuesto sobre el papel de un municipio en aquellos casos en que se le exponga al pago de representación y sentencia.

La L.P.A.U. designa como parte a

toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento.

Art. 1.3 (j), 3 L.P.R.A. sec. 2192.

En el caso ante nos, el Secretario de Justicia aprobó una resolución el 23 de febrero de 2007 que ordena al Municipio de Fajardo el pago de la sentencia. Esa orden representa una acción de la agencia dirigida al Municipio de Fajardo.

Es por ello que el Municipio de Fajardo tiene que considerarse como parte, aunque la Ley Núm. 104, supra, no lo reconozca expresamente. Por un lado, la Ley Núm. 104 sólo reconoce como parte al solicitante, su cónyuge y la sociedad de bienes gananciales que ambos componen. Pero por otro lado, el Municipio es parte del proceso por reconocimiento de la L.P.A.U., porque es una persona jurídica objeto de la orden de una agencia.

Del proceso decisional del Secretario de Justicia puede resultar una orden para que el municipio emita un pago que afectaría sus fondos. Privar de participación al municipio, como pretende el Secretario de Justicia, representa despojarle de los derechos que reconoce la L.P.A.U. a las partes en un proceso adjudicativo de una agencia.

El Art. 3.1 de la L.P.A.U., 3 L.P.R.A. sec. 2151, dispone ciertos requisitos que deben cumplir las agencias en sus determinaciones adjudicativas, como la notificación, presentación de evidencia, una adjudicación imparcial y que la determinación se base en el expediente. Calderón Otero v. C.F.S.E., 181 D.P.R. 386, 399 (2011). Estos son requisitos que garantizan el debido proceso de ley en su modalidad procesal, que emana de la Carta de Derechos de la Constitución de Puerto Rico, Art. II, Sec. 7, y de las Enmiendas V y XIV de la Constitución de Estados Unidos, L.P.R.A., Tomo I.

Los derechos constitucionales que recoge la Carta de Derechos le asisten a los individuos frente al Estado, no viceversa. Estos derechos no pueden extenderse al Gobierno. P.P.D. v. Gobernador II, 136 D.P.R. 916, 923 (1994). Los municipios son parte del Gobierno. Tanto es así que hemos reiterado que son "criaturas del Estado". Gobierno de Ponce v. Caraballo, 166 D.P.R. 723, 736 (2006); López, Fed. Coms. Unidos v. Mun. de San Juan, 121 D.P.R. 75, 85 (1988). Nacen de la facultad para crear, suprimir, consolidar y reorganizar municipios que el Art. IV, Sec. 1, de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, concedió a la Asamblea Legislativa. Cía. Turismo de P.R. v. Mun. de Vieques, 179 D.P.R. 578, 584 (2010); López v. Fed. Coms. Unidos v. Mun. de San Juan, supra.

Si bien es cierto que un municipio, como ente gubernamental, carece de derechos constitucionales, hemos

reconocido que posee "interés gubernamental legítimo en los recaudos de los fondos que constituyen sus ingresos".[7] Mun. San Juan v. C.R.I.M., 178 D.P.R. 163, 178 (2010). Por eso, en Mun. de San Juan v. C.R.I.M., supra, exigimos a una agencia gubernamental que concediera a los municipios el derecho al descubrimiento de prueba que establece la Sec. 3.8 de la L.P.A.U. para los procedimientos adjudicativos. 3 L.P.R.A. sec. 2158; Mun. de San Juan v. C.R.I.M., supra.

Además, el municipio tiene aquellos derechos que la ley le reconoce. La L.P.A.U. reconoce a una parte el derecho a una notificación adecuada, presentar evidencia, a una adjudicación imparcial y que la decisión se base en el expediente. Estamos convencidos de que extender esos derechos que reconoce la L.P.A.U. a un municipio que pudiera verse perjudicado por la determinación del Secretario, como parte, no contraviene la Ley Núm. 104, sino que la atempera a la legislación que se ha aprobado posteriormente.

Ante este panorama, es imperativo que el Departamento de Justicia diseñe un proceso que dé participación a los

---

[7] Nótese que el interés gubernamental legítimo al que hicimos referencia en ese caso se distingue del que utilizamos como parte del escrutinio constitucional intermedio. El interés gubernamental legítimo al que hicimos referencia en Mun. San Juan v. C.R.I.M., supra, pertenecía al municipio afectado por una determinación del Estado. En contraste, el que se utiliza como parte del análisis constitucional se refiere al interés del Estado frente a los derechos importantes de los individuos. _Véase_ Defendini Collazo _et al._ v. E.L.A., Cotto, 124 D.P.R. 28 (1993).

municipios cuando su decisión de conceder el beneficio de pago de sentencia al amparo de la Ley Núm. 104, supra, tenga el potencial de comprometer fondos municipales. Un análisis integrado de las leyes aplicables demuestra que es insostenible bajo el ordenamiento jurídico actual que se permita al Secretario de Justicia comprometer unilateralmente los fondos de municipios autónomos sin siquiera darles la oportunidad de ser oídos.

No podemos perder de perspectiva que el planteamiento medular del Municipio de Fajardo es que el Secretario de Justicia extendió el beneficio del pago de sentencia bajo la Ley Núm. 104, supra, a unos exfuncionarios municipales que no cualificaban bajo los criterios que exige esa misma ley y su reglamento. Sin adjudicar los méritos de ese reclamo en este momento, una decisión contraria a la que tomamos hoy tendría el efecto de sujetar a los municipios y las corporaciones públicas, a una determinación que pudiera resultar arbitraria, sin la posibilidad de revisión judicial.

Conceder a los municipios los derechos que reconoce la L.P.A.U. reconoce a las partes en un proceso adjudicativo, facilita la revisión judicial de la determinación administrativa. Además, da certeza a los municipios de que la decisión del Secretario será revocada si se concluye que es arbitraria, caprichosa, y no se ajusta a los parámetros de la Ley Núm. 104. "En nuestro sistema constitucional, la existencia de una estructura

adjudicativa administrativa solamente sería sostenible en la medida en que sus decisiones se encuentren subordinadas a la rama judicial". J.A. Echevarría Vargas, La hegemonia del Derecho Administrativo: Irrevisibilidad de las decisiones administrativas, 69 Rev. Jur. U.P.R. 1167 (2000).

V

Por los motivos antes expuestos, revocamos la determinación del Tribunal de Apelaciones y declaramos la nulidad de la Resolución sobre Pago de Sentencia que emitió el Secretario de Justicia el 23 de febrero de 2007. Devolvemos el caso al Departamento de Justicia para que atienda los reclamos del Municipio de Fajardo, y reevalúe si sostiene su determinación de conceder el beneficio de pago de sentencia a los ex policías William Mongomé Roldán y la sargento María Lebrón Ramos.

Se dictará sentencia de conformidad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Municipio de Fajardo

      Peticionario


        v.                    AC-2010-0058

Secretario de Justicia;
William Mongomé Roldán y
María Lebrón Ramos

      Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 8 de noviembre de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la determinación del Tribunal de Apelaciones y declaramos la nulidad de la Resolución sobre Pago de Sentencia que emitió el Secretario de Justicia el 23 de febrero de 2007. Devolvemos el caso al Departamento de Justicia para que atienda los reclamos del Municipio de Fajardo, y reevalúe si sostiene su determinación de conceder el beneficio de pago de sentencia a los ex policías William Mongomé Roldán y la sargento María Lebrón Ramos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal. La Jueza Asociada señora Fiol Matta concurre con el resultado sin opinión escrita. El Juez Presidente señor Hernández Denton y la Juez Asociada señora Rodríguez Rodríguez disienten sin opinión escrita.


Larissa Ortiz Modestti
Secretaria del Tribunal Supremo Interina