El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
El presente caso nos lleva a analizar si el Secretario de Justicia puede conceder el beneficio de pago de sentencia que provee la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955 (32 L.P.R.A. sec. 3077 et seq.), con cargo a los fondos de un municipio sin darle participación en el proceso. Evaluada la contro-versia, resolvemos que no.
I
Este caso tiene su origen en la intervención de dos agen-tes de la Policía Municipal de Fajardo, quienes dispararon a dos sujetos que huían tras incendiar un vehículo antiguo estacionado en un garaje municipal. Al ver que no se detu-vieron ante sus requerimientos, el oficial William Mon-gomé Roldán y la sargento María Lebrón Ramos dispara-ron contra Justin Withfield y John Kawika. Dos tiros alcanzaron al señor Whitfield en su pierna izquierda.
A raíz del incidente ocurrido en la madrugada de 9 de diciembre de 2000, el señor Whitfield y sus progenitores, Terry y Gayle Whitfield, demandaron por violación de de-rechos civiles, 42 U.S.C.A. sec. 1983, en el Tribunal Federal para el Distrito de Puerto Rico. Incluyeron como de-mandados a los policías Mongomé Roldán y Lebrón Ramos, al municipio de Fajardo y su alcalde, Aníbal Meléndez Rivera, y al comisionado de la Policía Municipal, Ismael Alvarez Monge. Alegaron que el ayuntamiento era responsa-ble por no adoptar regulaciones adecuadas para el uso de armas de fuego y no entrenar a los policías municipales acorde con ellas.
El Jurado concedió una compensación de $4 millones *251 para Withfield y $500,000 para cada uno de sus padres por daños punitivos. El Tribunal Federal para el Primer Cir-cuito de Apelaciones en Boston revocó el veredicto en cuanto al municipio de Fajardo (Municipio), el alcalde y al Comisionado de Seguridad Municipal. Se ordenó a la corte de distrito celebrar un nuevo juicio sobre los daños com-pensatorios para cada uno de los demandantes, a menos que éstos accedieran a una reducción en las compensa-ciones. Finalmente, aceptaron una compensación de $3 mi-llones para Withfield, y de $100,000 para cada uno de sus padres. Se dictó sentencia el 29 de marzo de 2006.
El Secretario de Justicia concedió el beneficio de repre-sentación legal, mediante la Ley Núm. 104, supra, a los policías Mongomé Roldán y Lebrón Ramos durante el jui-cio federal. Además, al finalizar el proceso, los agentes so-licitaron al funcionario el beneficio del pago de sentencia con fondos públicos, como también hace viable la ley. El Secretario de Justicia aprobó la Resolución sobre Pago de Sentencia, fechada el 23 de febrero de 2007, con el propó-sito de que se costeara la sentencia con fondos muni-cipales.(1)
El 13 de marzo de 2007, el municipio de Fajardo se opuso mediante carta a la determinación del Secretario, que comprometió $3.2 millones de los fondos municipales. La oposición descansó en que se concedieron daños puniti-vos, por lo que, como mínimo, medió negligencia inexcusable por parte de los policías. Esto descartaría la buena fe o *252 que la actuación estuviera en las funciones de los policías, como exigen la Ley Núm. 104, supra, y el anulado Regla-mento sobre Representación Legal y Pago de Sentencia, Reglamento Núm. 4071 del Departamento de Justicia,(2) 8 de septiembre de 1989, para la concesión del beneficio.
Además, el Municipio argüyó que, acorde con la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (Ley de Municipios Autónomos), Ley Núm. 81-1991 (21 L.P.R.A. sec. 4001 et seq.), el Municipio y el alcalde debían tener la discreción de conceder el beneficio. Sería una contradicción, concluyó, que la senten-cia federal relevara al Municipio de responsabilidad pero el Ejecutivo le impusiera el pago de la sentencia sin darle la oportunidad de ser oído.
El Departamento de Justicia contestó al alcalde el 3 de abril de 2007. En su carta, señaló que conceder la repre-sentación legal y el pago de sentencia recaía en la sola discreción del Secretario. Además, expresó que aunque la agencia sufrague la representación legal de los funciona-rios municipales, correspondía al Municipio el pago de la sentencia. De lo contrario, indicó el Secretario, sería una incongruencia que un Municipio pueda beneficiarse de la representación que concede el Departamento y luego se niegue a pagar la sentencia. El Secretario rechazó que el Municipio intervenga en su proceso decisional, porque la Ley Núm. 104, supra, y el Reglamento Núm. 4071 no le reconocen legitimidad.
Trabada así la controversia, el 23 de mayo de 2007, el Municipio acudió al Tribunal de Primera Instancia me-diante una solicitud de sentencia declaratoria, según la an *253 terior Regla 59.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, ahora 32 L.P.R.A. Ap. V. Solicitó que se declarara invá-lida la Resolución sobre Pago de Sentencia. En la alterna-tiva, pidió que declarara inconstitucional la Ley Núm. 104, supra, por infligir el debido proceso de ley al negar legiti-mación activa del municipio para intervenir en el proceso decisional sobre el pago de una sentencia con fondos municipales. Además, solicitó un injunction preliminar.
El Departamento de Justicia planteó que el Tribunal de Primera Instancia no tenía jurisdicción para atender el caso porque la Ley Núm. 104, supra, solo reconoce legiti-mación para impugnar su determinación al empleado soli-citante, a su cónyuge y a la sociedad legal que ambos componen. Además, argüyó que aunque exista una senten-cia que impute negligencia inexcusable, el Secretario posee la discreción para conceder el beneficio y la Ley Núm. 104, supra, no provee al Tribunal guías para sustituir su criterio.
El Tribunal reconoció legitimación al municipio. Deter-minó que el Secretario se excedió en las facultades que le concede la Ley Núm. 104, supra. Así descartó que su dis-creción sea tan amplia que le permita ignorar hechos que ya adjudicó el tribunal que concedió la sentencia. Además, concluyó que la Ley Núm. 104, supra, no aplica en situa-ciones de negligencia inexcusable, por lo que no procedía la concesión del beneficio del pago de sentencia. Luego de una moción de reconsideración, el Departamento de Justicia y los agentes municipales apelaron ante el Tribunal de Apelaciones.
El foro apelativo intermedio concluyó que la ley concede amplia discreción al Secretario de Justicia y, por el contra-rio, no da legitimación al municipio para impugnar su determinación. Sostuvo, además, que los municipios, como entes gubernamentales, carecen de derechos constituciona-les y tampoco pueden reclamar derechos propietarios sobre los fondos municipales.
*254 De esa determinación, que se sostuvo en reconsidera-ción, recurre el municipio de Fajardo ante nos. Insiste en que la determinación del Secretario le priva de sus fondos sin oportunidad del debido proceso de ley; que tiene legiti-mación para solicitar la sentencia declaratoria e interdicto preliminar, y que el Secretario no puede representar al ayuntamiento al tomar la determinación según la Ley Núm. 104, supra.
Evaluada la solicitud del municipio expedimos el auto de certiorari y accedimos a la solicitud del municipio de Juana Díaz para comparecer como amicus curiae en el pleito al amparo de la Regla 43 del Reglamento del Tribunal Supremo de 1996, 4 L.P.R.A. Ap. XXI-A. Con el benefi-cio de la comparecencia de todos, estamos en posición de resolver.
I — i i — i
La sentencia declaratoria es un remedio que provee la Regla 59 de Procedimiento Civil, 32 L.P.R.A. Ap. V, para declarar derechos, estados y otras relaciones jurídicas, aunque existan otros remedios disponibles. La solicitud de sentencia declaratoria tiene como resultado una decisión judicial sobre cualquier divergencia en la interpretación de la ley. Regla 59.2 de Procedimiento Civil, supra. Es aquella sentencia que se dicta cuando existe una controversia sustancial entre partes con intereses legales adversos, con el propósito de disipar la incertidumbre jurídica. R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta ed., San Juan, Ed. Lexis-Nexis, 2010, Sec. 6001, pág. 560.
Entre las personas jurídicas facultadas para solicitar una sentencia declaratoria, según la Regla 59.2 de Procedimiento Civil, supra, se encuentran aquellas cuyos derechos, estado u otras relaciones jurídicas fuesen afectadas por un estatuto. Además, el solicitante de una senten- *255 cia declaratoria debe tener legitimación activa. Romero Barceló v. E.L.A., 169 D.P.R. 460, 475 (2006). Por consi-guiente, tiene que demostrar que sufrió un daño claro y palpable; que éste es real, inmediato y preciso, y no abs-tracto e hipotético; que existe conexión entre el daño su-frido y la causa de acción ejercitada, y que la causa de acción surge bajo el palio de la constitución o de una ley. P.I.P. v. E.L.A. et al., 186 D.P.R. 1 (2012); Hernández Torres v. Hernández Colón, 131 D.P.R. 593, 500 (1992).
Por otro lado, el recurso extraordinario del injunction pretende prohibir u ordenar la ejecución de un acto, para evitar que se causen perjuicios inminentes o daños irreparables a alguna persona, cuando no hay otro remedio en ley adecuado. Art. 675 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3521. El interdicto preliminar busca mantener el status quo mientras se dilucida el pleito. VDE Corporation v. F & R Contractors, 180 D.P.R. 21, 40-42 (2010); Cobos Liccia v. DeJean Packing Co., Inc., 124 D.P.R. 896, 902 (1989). Para su concesión, se deben evaluar: (1) la naturaleza de los daños que pueden ocasionárseles a las partes; (2) su irreparabilidad o la existencia de un remedio adecuado en ley; (3) la probabilidad de que el promovente prevalezca en el juicio; (4) la probabilidad de que la causa se torne académica de no concederse el remedio, (5) y el posible impacto sobre el interés público. VDE Corporation v. F & R Contractors, supra, pág. 41.
Una resolución del Secretario de Justicia que ordene a un municipio el pago de una sentencia que pudiera ser millonaria, como en el caso ante nos, sin duda, tiene un impacto sobre las arcas municipales. Tiene un impacto sobre los fondos con los que cuenta el municipio para prestar servicios a sus residentes.
Ante ese panorama, el municipio de Fajardo tiene legi-timación para acudir ante el Tribunal de Primera Instan-cia y solicitar una sentencia declaratoria mediante la Re- *256 gla 59 de Procedimiento Civil, supra, y un injunction preliminar. La sentencia declaratoria pretende disipar la incertidumbre jurídica entre partes con intereses legales adversos. En este caso, una determinación del Secretario de Justicia ordenó a un municipio a pagar una sentencia al amparo de la Ley Núm. 104, supra. Estos hechos despier-tan intereses legales adversos.
Además, el Municipio cumple con los requisitos que he-mos establecido para que un litigante posea legitimación activa. Es decir, la determinación del Secretario expone al Municipio a sufrir un daño claro y palpable, real inmediato y preciso. El daño reclamado tiene relación con la causa de acción que se ejerce, y ésta surge de una ley. El recurso de injunction preliminar instado sirve para mantener el status quo mientras se dispone de la presente controversia. No nos cabe duda de que el Municipio tiene legitimación para presentar la causa de acción que hoy estudiamos.
f — i I — H h — i
La Ley Núm. 9 de 26 de noviembre de 1975 añadió, entre otros, el Art. 12 a la Ley Núm. 104 (32 L.P.R.A. sec. 3085). Este artículo establece que un funcionario o empleado del gobierno de Puerto Rico demandado en su carácter personal por violar derechos civiles en actos u omisiones incurridas como parte de sus funciones, puede solicitar que el Estado le provea representación legal. Id.(3) Véase, *257 además, García v. E.L.A., 146 D.P.R. 725, 736 (1998). Los policías municipales están en la lista de funcionarios a los que cobija la ley. Art. 12 de la Ley Núm. 104, supra.
Además de proveer representación legal, el estatuto per-mite que el estado asuma el pago de la sentencia que pu-diera recaer contra el funcionario, con cargo al Tesoro de Puerto Rico. Art. 12 de la Ley Núm. 104, supra. Sin embargo, en el caso de algunos de los funcionarios enumera-dos, se establece que la representación legal, la sentencia y las costas se sufraguen con otras fuentes. Ese es el caso de los funcionarios de las corporaciones públicas, en los que el pago de la representación y sentencia serán con cargo a las arcas de la corporación. De igual forma, cuando se trata de funcionarios de municipios, se costearán con los fondos dis-ponibles del ayuntamiento correspondiente.(4) Art. 19 de la Ley Núm. 104 (32 L.P.R.A. sec. 3092).
*258 El Art. 15 de la Ley Núm. 104 (32 L.P.R.A. sec. 3088) expresamente excluye de su manto protector los actos u omisiones de funcionarios o empleados que (1) constituyan delito; (2) ocurran fuera del marco de las funciones oficia-les; (3) en los que medie negligencia inexcusable, o (4) ju-risprudencialmente se haya establecido un estado de dere-cho diferente mediante sentencia final y firme.
Queda en manos del Secretario de Justicia determinar en qué casos el estado asumirá la representación legal y, eventualmente, el pago de la totalidad de la sentencia. Art. 14 de la Ley Núm. 104 (32 L.P.R.A. sec. 3087). Con ese propósito, el Departamento de Justicia aprobó el Reglamento sobre Representación Legal y Pago de Sentencia, Reglamento Núm. 4071, que disponía el procedimiento para la concesión de los beneficios de representación legal y pago de sentencia emitida según la Ley de Reclamaciones y Demandas contra el Estado. García v. E.L.A., supra, págs. 725-726. Ese reglamento se concentraba en el proceso de solicitud del beneficio, su revocación o petición de reconsideración por parte de la agencia.(5)
El Art. 14 de la Ley Núm. 104, supra, provee para que un solicitante pueda acudir al Tribunal de Apelaciones si la determinación del Secretario le es adversa. 32 L.P.R.A. sec. 3087.(6) Sin embargo, tanto la ley como el reglamento vi- *259 gente al momento de los hechos de este caso guardan silen-cio sobre el procedimiento que debe seguir un municipio, corporación o instrumentalidad pública que se oponga a que el Secretario extienda el beneficio de pago de sentencia con cargo a sus arcas. Ni siquiera contemplan la posibili-dad de solicitar revisión judicial. Esa vía se reserva para el solicitante, su cónyuge o la sociedad de bienes gananciales que ambos compongan. Art. IV y XIV del Reglamento Núm. 4071, supra; Ortiz et al. v. E.L.A. et al., 158 D.P.R. 62, 73 (2002).
Es que la Ley Núm. 104, supra, y el Reglamento Núm. 4071, supra, se aprobaron con anterioridad a la reforma municipal. Datan de cuando el poder de los municipios sobre sus finanzas y recaudos quedaba limitado ante el poder del Gobierno Central. Antes de que se aprobara la Ley de Municipios Autónomos en 1991,
... la mayoría de los ingresos municipales provenían del Fondo General y de aportaciones federales sin intervención alguna de los municipios... Por muchas décadas, el Gobierno Central, a través del Departamento de Hacienda, había controlado las finanzas municipales las cuales se nutrían básicamente del subsidio estatal. L. Santana Rabell y M. Negrón Portillo, La reforma municipal en Puerto Rico: retos y oportunidades, Río Piedras, Escuela Graduada de Administración Pública, U.P.R., 1993, pág. 20.
Este esquema cambió con la reforma municipal, parti-cularmente con la Ley de Municipios Autónomos que per-mitió a los municipios “la libre administración de sus bie-nes y de los asuntos de su competencia o jurisdicción y la disposición de sus ingresos y de la forma de recaudarlos e invertirlos”. Santana Rabell y Negrón Portillo, op. cit., pág. 15. Así, es poco probable que la Ley Núm. 104, supra, cuya aprobación data de 1955, contemplara la posibilidad de participación de un municipio en el proceso decisional del Secretario sobre la adjudicación del beneficio de represen-tación y pago de sentencia.
*260 Según el esquema anterior tenía sentido que el Secreta-rio de Justicia tomara la determinación unilateral de pa-gar la representación legal y sentencia con fondos munici-pales porque, después de todo, los municipios eran sustancialmente subsidiados por el gobierno central. Sin embargo, los poderes que confirió la reforma a los munici-pios, exigen que integremos sus nuevas facultades a la in-terpretación que demos hoy a la Ley Núm. 104.
No podemos olvidar que al interpretar disposiciones legales, debemos tratar de armonizar aquellas que estén en aparente conflicto, antes de escoger cuál, si alguna de las dos, debe prevalecer sobre la otra. R. Elfren Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de Leyes en Puerto Rico, 2da ed. rev., Pubs. JTS, 1987, Vol. 1, pág. 319. Además, en este extremo, la Ley de Municipios Autónomos nos señala que
[l]os poderes y facultades conferidos a los municipios por este subtítulo o cualquiera otra ley, excepto disposición en contra-rio, se interpretarán liberalmente, en armonía con la buena práctica de política pública fiscal y administrativa, de forma tal que siempre se propicie el desarrollo e implantación de la política pública enunciada en este subtítulo de garantizar a los municipios las facultades necesarias en el orden jurídico, fiscal y administrativo para atender eficazmente las necesida-des y el bienestar de sus habitantes. (Énfasis suplido). 21 L.P.R.A. sec. 4002.
Es a través de los municipios que el Estado puede aten-der de forma más efectiva el bienestar social y económico de sus vecindarios. Pacheco Fraticelli v. Cintrón Antonsanti, 122 D.P.R. 229, 236 (1988). Una determinación con-traria a la que tomamos hoy vulneraría esa autonomía fiscal.
En resumen, es improbable que la Ley Núm. 104, supra, reconociera la participación de los municipios en el proceso decisional del Secretario de Justicia porque al momento de su aprobación la autonomía municipal no existía. La Ley de Municipios Autónomos nos obliga a que nuestra inter- *261 pretación de las leyes relacionadas garanticen a los muni-cipios los poderes fiscales necesarios para atender las ne-cesidades de sus habitantes.
IV
Ante este aparente conflicto de leyes, surge la aplicabilidad de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU), Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 et seq.), como un estatuto armonizador que no contraviene ninguna de las disposiciones legales mencionadas. La LPAU, otra legislación cuya aprobación en 1988 es posterior a la Ley Núm. 104, supra, uniformó la mayoría de los procedimientos adjudicativos que realizan las agencias. Ya hemos resuelto que la LPAU aplica al procedimiento de deliberación que realiza el Secretario de Justicia al amparo de la Ley Núm. 104, supra, frente al solicitante. Torres Santiago v. Depto. Justicia, 181 D.P.R. 969, 992 (2011). Sin embargo, nada hemos dispuesto sobre el papel de un municipio en aquellos casos en que se le exponga al pago de representación y sentencia.
La LPAU designa como parte a
... toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. Art. 1.3(j), 3 L.P.R.A. sec. 2102(j).
En el caso ante nos, el Secretario de Justicia aprobó una resolución el 23 de febrero de 2007 que ordena al municipio de Fajardo el pago de la sentencia. Esa orden representa una acción de la agencia dirigida al municipio de Fajardo.
Es por ello que el municipio de Fajardo tiene que considerarse parte, aunque la Ley Núm. 104, supra, no lo reconozca expresamente. Por un lado, esta ley solo reco- *262 noce como parte al solicitante, su cónyuge y la sociedad de bienes gananciales que ambos componen. Pero por otro lado, el Municipio es parte del proceso por reconocimiento de la LPAU, porque es una persona jurídica objeto de la orden de una agencia.
Del proceso decisional del Secretario de Justicia puede resultar una orden para que el municipio emita un pago que afectaría sus fondos. Privar de participación al muni-cipio, como pretende el Secretario de Justicia, representa despojarle de los derechos que reconoce la LPAU a las par-tes en un proceso adjudicativo de una agencia.
El Art. 3.1 de la LPAU, 3 L.P.R.A. sec. 2151, dis-pone ciertos requisitos que deben cumplir las agencias en sus determinaciones adjudicativas, como la notificación, presentación de evidencia, una adjudicación imparcial y que la determinación se base en el expediente. Calderón Otero v. C.F.S.E., 181 D.P.R. 386, 399 (2011). Estos son requisitos que garantizan el debido proceso de ley en su modalidad procesal, que emana de la Carta de Derechos de la Constitución de Puerto Rico, Art. II, Sec. 7, L.P.R.A., Tomo I, y de las Enmiendas V y XIV de la Constitución de Estados Unidos, L.P.R.A., Tomo 1.
Los derechos constitucionales que recoge la Carta de Derechos le asisten a los individuos frente al Estado, no viceversa. Estos derechos no pueden extenderse al Gobierno. P.P.D. v. Gobernador II, 136 D.P.R. 916, 923 (1994). Los municipios son parte del Gobierno. Tanto es así, que hemos reiterado que son “criaturas del Estado”. Gobierno Ponce v. Caraballo, 166 D.P.R. 723, 736 (2006); López, Fed. Coms. Unidos v. Mun. de San Juan, 121 D.P.R. 75, 85 (1988). Nacen de la facultad para crear, suprimir, consolidar y reorganizar municipios que el Art. IV, Sec. 1, de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, concedió a la Asamblea Legislativa. Cía. Turismo de P.R. v. Mun. de Vieques, 179 D.P.R. 578, 584 (2010); López v. Fed. Coms. Unidos v. Mun. de San Juan, supra.
*263 Si bien es cierto que un municipio, como ente gubernamental, carece de derechos constitucionales, he-mos reconocido que posee “interés gubernamental legítimo en los recaudos de los fondos que constituyen sus ingresos”.(7) Mun. de San Juan v. CRIM, 178 D.P.R. 163, 178 (2010). Por eso, en este caso citado exigimos a una agencia gubernamental que concediera a los municipios el derecho al descubrimiento de prueba que establece la See. 3.8 de la L.P.A.U. para los procedimientos adjudicativos. 3 L.P.R.A. sec. 2158; Mun. de San Juan v. CRIM, supra.
Además, el municipio tiene aquellos derechos que la ley le reconoce. La L.P.A.U. reconoce a una parte el derecho a una notificación adecuada, presentar evidencia, a una ad-judicación imparcial y que la decisión se base en el expediente. Estamos convencidos de que extender esos de-rechos que reconoce la LPAU a un municipio que pudiera verse perjudicado por la determinación del Secretario, como parte, no contraviene la Ley Núm. 104, sino que la atempera a la legislación que se ha aprobado posterior-mente.
Ante este panorama, es imperativo que el Departa-mento de Justicia diseñe un proceso que dé participación a los municipios cuando su decisión de conceder el beneficio de pago de sentencia al amparo de la Ley Núm. 104, supra, tenga el potencial de comprometer fondos municipales. Un análisis integrado de las leyes aplicables demuestra que es insostenible, según el ordenamiento jurídico actual, que se permita al Secretario de Justicia comprometer unilateral-mente los fondos de municipios autónomos sin siquiera darles la oportunidad de ser oídos.
No podemos perder de perspectiva que el planteamiento *264 medular del municipio de Fajardo es que el Secretario de Justicia extendió el beneficio del pago de sentencia según la Ley Núm. 104, supra, a unos exfuncionarios municipales que no cualificaban bajo los criterios que exige esa misma ley y su reglamento. Sin adjudicar los méritos de ese re-clamo en este momento, una decisión contraria a la que tomamos hoy tendría el efecto de sujetar a los municipios y las corporaciones públicas, a una determinación que pu-diera resultar arbitraria, sin la posibilidad de revisión judicial.
Conceder a los municipios los derechos que reconoce la LPAU reconoce a las partes en un proceso adjudicativo, facilita la revisión judicial de la determinación administrativa. Además, da certeza a los municipios de que la decisión del Secretario será revocada si se concluye que es arbitraria, caprichosa y no se ajusta a los parámetros de la Ley Núm. 104. “En nuestro sistema constitucional, la existencia de una estructura adjudicativa administrativa solamente sería sostenible en la medida en que sus decisiones se encuentren subordinadas a la rama judicial”. J.A. Echevarría Vargas, La hegemonía del derecho administrativo: irrevisibilidad de las decisiones administrativas, 69 Rev. Jur. U.P.R. 1167 (2000).
V
Por los motivos expuestos, revocamos la determinación del Tribunal de Apelaciones y declaramos la nulidad de la Resolución sobre Pago de Sentencia que emitió el Secretario de Justicia el 23 de febrero de 2007. Devolvemos el caso al Departamento de Justicia para que atienda los reclamos del municipio de Fajardo y reevalúe si sostiene su determi-nación de conceder el beneficio de pago de sentencia a los expolicías William Mongomé Roldán y la sargento María Lebrón Ramos.

Se dictará sentencia de conformidad.

*265 La Jueza Asociada Señora Fiol Matta concurrió con el resultado sin opinión escrita. El Juez Presidente Señor Hernández Denton y la Juez Asociada Señora Rodríguez Rodríguez disintieron sin opinión escrita.

 En lo pertinente, la Resolución indica:
“A tenor con el dictamen señalado y las ordenes [sic] subsiguientes, de las cuales tomo conocimiento oficial y cuyas respectivas fotocopias se hacen formar parte de este escrito, así como en virtud de los preceptos aplicables de los Artículos 12 y siguientes de la Ley Núm. 104... concedo el beneficio de pago de sentencia a los referidos demandados y autorizo el pago a los demandantes de la cantidad correspondiente. De conformidad con lo establecido en el Artículo 19 de la Ley Núm. 104 ya citada, la referida cantidad deberá sufragarse de los fondos disponibles del Municipio de Fajardo. A tales efectos debe depositarse dicha cantidad en la Secreta-ría del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico. El cheque habrá de prepararse por la suma total ya anotada a favor de ‘Clerk, U.S. District Court’ ”. Apéndice, pág. 126.

 El Reglamento Núm. 4071, que se enmendó mediante el Reglamento Núm. 7540 de 18 de julio de 2008, se anuló con la aprobación del Reglamento sobre Repre-sentación Legal y Pago de Sentencia, Reglamento Núm. 7622 de 2 de diciembre de 2008. Como los hechos de este caso ocurrireron antes de que entraran en vigor la enmienda y el nuevo reglamento, utilizaremos el Reglamento Núm. 4071 para dis-poner de la controversia.

 El Art. 12 de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3085, señala:
“Todo funcionario, ex funcionario, empleado o ex empleado del Estado Libre Asociado de Puerto Rico que sea demandado en daños y perjuicios en su carácter personal, cuando la causa de acción se base en alegadas violaciones a los derechos civiles del demandante, debido a actos u omisiones incurridos de buena fe, en el curso de su trabajo y dentro del marco de sus funciones, podrá solicitar que el Estado Libre Asociado de Puerto Rico le provea representación legal y posteriormente asuma el pago de cualquier sentencia que pueda recaer sobre su persona. Los Direc-tores Ejecutivos, ex Directores Ejecutivos, los miembros y ex miembros de las Juntas de Gobierno de las corporaciones públicas e instrumentalidades del Gobierno, los alcaldes y ex alcaldes y los funcionarios y ex funcionarios de los municipios, así como *257 los miembros y ex miembros del Cuerpo de la Policía Municipal en los diferentes rangos, estarán cubiertos por lo aquí dispuesto, excepto que en lo relativo al pago de sentencias se regirán por lo provisto en la see. 3092 de este título. Las acciones que puedan incoarse bajo las disposiciones de las sees. 3077 a 3092a de este título no estarán cubiertas por lo dispuesto en esta sección.
“Asimismo, lo aquí provisto no debe entenderse bajo ningún concepto como que convierte al Estado en asegurador de los servidores públicos antes señalados, ni que constituye una renuncia de la inmunidad soberana del Estado Libre Asociado”.

 El texto íntegro de este artículo, 32 L.P.R.A. sec. 3092, expone:
“El Secretario de Justicia notificará al Secretario de Hacienda sus determina-ciones sobre pago a base de lo dispuesto en las sees. 3085 a 3092a de este título. El Secretario de Hacienda procederá a satisfacer de los fondos disponibles en el Tesoro de Puerto Rico las sentencias, costas y honorarios que recaigan sobre los demandados.
“Todas las disposiciones de las sees. 3085 a 3092a de este título serán aplicables a los directores ejecutivos, ex directores ejecutivos, los miembros y ex miembros de las juntas de Gobierno de las corporaciones públicas e instrumentalidades del Go-bierno, y a los alcaldes y ex alcaldes y funcionarios y ex funcionarios de los munici-pios, así como los miembros y ex miembros del Cuerpo de la Policía Municipal en los diferentes rangos, excepto que los gastos que recaigan sobre éstos en concepto de tales sentencias, costas, honorarios y gastos incurridos por el Estado Libre Asociado en su representación legal serán sufragados de los fondos disponibles de las corres-pondientes corporaciones e instrumentalidades del Gobierno o municipio que repre-senta o que representó el demandado en cuestión. En caso de que la corporación, instrumentalidad del Gobierno o el municipio afectado no disponga de los fondos necesarios para sufragar dicha cuantía, el Estado Libre Asociado deberá satisfacer el pago de ésta. La corporación o instrumentalidad del Gobierno o el municipio reem-bolsará dicha suma posteriormente, según lo determine el Secretario de Hacienda, mediante consulta con la junta de Gobierno de la corporación o instrumentalidad del Gobierno o la legislatura municipal del municipio.
*258 “La erogación presupuestaria que conllevan las señaladas secciones, tanto en términos de representación legal como en el concepto de pago de sentencias, costas y honorarios no constituirá una compensación adicional para los servidores públicos cubiertos por tales disposiciones”.

 El Reglamento Núm. 7622, que derogó el Reglamento Núm. 4071, establece unos requisitos de elegibilidad para recibir el beneficio que básicamente se circuns-criben a lo que exige la ley.

 El texto de la ley señala que la revisión administrativa deberá instarse en el Tribunal de Primera Instancia. Sin embargo, debemos recordar que el Art. 4.1 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2171), que uniformó los procesos decisionales en las agencias, dispone que las revisiones judiciales de determinaciones administrativas se verán ante el Tribunal de Apelaciones. El procedimiento de concesión del beneficio de re-presentación y pago que realiza el Departamento de Justicia no está exceptuado de la aplicación de la L.P.A.U. Art. 1.4, 3 L.P.R.A. sec. 2103; Torres Santiago v. Depto. Justicia, 181 D.P.R. 969, 992 (2011).

 Nótese que el interés gubernamental legítimo al que hicimos referencia en ese caso se distingue del que utilizamos como parte del escrutinio constitucional intermedio. El interés gubernamental legítimo al que hicimos referencia en Mun. de San Juan v. CRIM, 178 D.P.R. 163 (2010), pertenecía al municipio afectado por una determinación del Estado. En contraste, el que se utiliza como parte del análisis constitucional se refiere al interés del Estado frente a los derechos importantes de los individuos. Véase Defendini Collazo et al. v. E.L.A., Cotto, 134 D.P.R. 28 (1993).